UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

        Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

        Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| Joseph J. Coyer<br>Janet M. Coyer<br>Plaintiffs *pro se*<br>878 East Prevo Rd.<br>Linwood, Michigan 48650 | DICKINSON WRIGHT PLLC<br>Francis R. Ortiz (P31911)<br>Jennifer L. Newby (P68891)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500<br>fortiz@dickinsonwright.com<br>jnewby@dickinsonwright.com |
|---|---|

## HSBC MORTGAGE SERVICES' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant HSBC Mortgage Services, Inc. ("HSBC"), by its attorneys Dickinson Wright PLLC, hereby moves for the dismissal with prejudice of Plaintiffs' "Original Petition" pursuant to FED. R. CIV. P. 12(b)(6).

WHEREFORE, HSBC requests that this Court grant its Motion and issue a judgment in favor of HSBC dismissing Plaintiffs' claims with prejudice in their entirety. In support of its Motion, HSBC relies on the accompanying brief and attached exhibits.

    Respectfully submitted,

    DICKINSON WRIGHT PLLC

    By: /s/ Jennifer L. Newby
    FRANCIS R. ORTIZ (P31911)
    JENNIFER L. NEWBY (P68891)
    Attorneys for Defendant HSBC
    Mortgage Services, Inc.
    500 Woodward Avenue, Suite 4000
    Detroit, Michigan 48226
    (313) 223-3500
    fortiz@dickinsonwright.com
    jnewby@dickinsonwright.com

Dated: December 22, 2010

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

        Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

        Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| | |
|---|---|
| Joseph J. Coyer<br>Janet M. Coyer<br>Plaintiffs *pro se*<br>878 East Prevo Rd.<br>Linwood, Michigan 48650 | DICKINSON WRIGHT PLLC<br>Francis R. Ortiz (P31911)<br>Jennifer L. Newby (P68891)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500<br>fortiz@dickinsonwright.com<br>jnewby@dickinsonwright.com |

**HSBC MORTGAGE SERVICES' BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................2

II. STATEMENT OF FACTS ....................................................................................................2

III. ANALYSIS............................................................................................................................3

    A. Standard of Review................................................................................................3

    B. This Court Should Dismiss Plaintiffs' Original Petition Because It Fails To Allege Any Factual Allegations Relating To This Transaction Or These Parties......................................................................................................................5

    C. Even Considering The Allegations In The Original Petition As They Relate To This Case, Plaintiffs Fail To State A Claim Against HSBC Entitling Them To Relief. .................................................................................5

        1. Breach of Fiduciary Duty........................................................................6

        2. Negligence / Negligence Per Se...............................................................7

        3. Fraud .........................................................................................................8

        4. Breach of the Implied Covenant of Good Faith and Fair Dealing............9

        5. Violation of Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ..................9

        6. Intentional Infliction of Emotional Distress ..........................................10

IV. CONCLUSION....................................................................................................................10

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009) .................................................................. 4

*Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463; 666 N.W.2d 271 (Mich. App. 2003) .................................................................................................................................. 9

*Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008) .................................................. 4

*Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) ................................... 4

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ................................................. 4

*Fodale v. Waste Management of Michigan*, 271 Mich. App. 11; 718 N.W.2d 827 (Mich. App. 2006) .................................................................................................................................. 9

*Forsythe v. BancBoston Mortgage Corporation*, 135 F.3d 1069 (6th Cir. 1997) ........................... 6

*Fultz v Union-Commerce Assocs*, 470 Mich 460; 683 N.W.2d 587 (2004) .................................... 7

*Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999) ............................................................. 2

*Johnson v. Wausau Ins. Co.,* 283 Mich.App. 636; 769 N.W.2d 755 (Mich.App. 2009) ................ 8

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) ................. 4

*Lewis v. Legrow*, 258 Mich. App. 175; 670 N.W.2d 675 (Mich. App. 2003) .............................. 10

*Sallee v. Fort Knox National Bank, N.A.*, 286 F.3d 878 (6th Cir. 2002) .......................................... 6

*Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989) .................................................................................. 5

**Statutes**

15 U.S.C. § 1601 ............................................................................................................................. i, 9

15 U.S.C. § 1640(e) ......................................................................................................................... 10

Mich. Comp. Laws § 600.5805 ........................................................................................................ 7

**Rules**

FED. R. CIV. P. 12 ................................................................................................................ 2, 3, 4, 10

FED. R. CIV. P. 8 ................................................................................................................................ 5

FED. R. CIV. P. 9 ............................................................................................................................ 5, 8

## **STATEMENT OF ISSUES PRESENTED**

I.      Whether this Court should dismiss Plaintiffs' "Original Petition" where Plaintiffs relied on a form pleading that fails to assert any factual allegations relating to their own mortgage or the parties to this action?

II.     Whether this Court should dismiss Plaintiffs' "Original Petition" where Plaintiffs fail to state a claim for relief against HSBC?

## **CONTROLLING AUTHORITY**

1. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

2. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

## I.  INTRODUCTION

This action is nothing more than an attempt to harass HSBC Mortgage Services ("HSBC"). Plaintiffs' "Original Petition" is a form pleading taken from the internet. Similar pleadings have been filed in actions across the country for the purpose of impeding valid foreclosure proceedings. See Exhibit A.[1] The Original Petition is not based on any specific facts or occurrences involving Plaintiffs or HSBC. Pro se litigants are bound by the same court rules as attorneys, and courts should not condone the use of form pleadings that are filed for the very purpose of impeding a lawful foreclosure. For this reason Plaintiffs' Original Petition should be dismissed.

Additionally, even considering the allegations of the Original Petition in the context of Plaintiffs' mortgage with HSBC, Plaintiffs fail to set forth any factual basis entitling them to relief from HSBC. All of Plaintiffs' claims relate to alleged deficiencies at the inception of their mortgage. HSBC was not involved with the origination of Plaintiffs' mortgage. HSBC purchased Plaintiffs' mortgage on the secondary market after Plaintiffs fully executed the documents and agreed to the mortgage. Thus, even if Plaintiffs allegations do state a claim, they certainly do not state a claim against HSBC. Accordingly, HSBC moves this Court to dismiss Plaintiffs' "Original Petition" in its entirety, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6).

## II.  STATEMENT OF FACTS

On June 24, 2005, Plaintiffs entered a mortgage for $182,000.00 with Option One Mortgage Corporation ("Option One"). [Exhibit B, Mortgage and Note].[2] HSBC had no

---

[1] While courts generally may not consider matters outside of the pleadings in ruling on a motion to dismiss, there is an exception for public records. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

[2] While courts generally may not consider matters outside of the pleadings in ruling on a motion to dismiss, there is an exception for documents attached to a motion to dismiss where they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson*, 194

Footnote continued on next page …

involvement with the origination of Plaintiffs' mortgage. Following the execution of the mortgage agreement with Option One, Plaintiffs' mortgage was purchased by HSBC.

Plaintiffs have not made a payment to HSBC on their mortgage since February 2010. In accordance with the Plaintiffs' mortgage agreement and the laws of the State of Michigan, HSBC foreclosed on the property located at 878 E. Prevo Road, Linwood, Michigan 48650 ("property"). The sheriff's sale of the property was adjourned from December 10, 2010, and is currently set for January 7, 2011. Following the sheriff's sale, Plaintiffs have a statutory six month period during which they may redeem the property.

On October 28, 2010, Plaintiffs filed an "Original Petition" asserting various purported causes of action relating to alleged deficiencies and misrepresentations respecting the origination of their mortgage. Plaintiffs also sought injunctive relief. After an opportunity for briefing and a hearing, this Court issued a Report and Recommendation finding that there was no likelihood of success on the merits of any of Plaintiffs' claims. Plaintiffs filed objections to the Report and Recommendation that are currently pending. Plaintiffs have not alleged any basis for relief from HSBC. Accordingly, HSBC asks that this Court dismiss Plaintiffs' Original Petition with prejudice.

### III.   ANALYSIS

**A.   Standard of Review**

Pursuant to FED. R. CIV. P. 12(b)(6), a party may move to dismiss a case when a plaintiff has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must construe the complaint in a light most favorable to [the]

---

Footnote continued from previous page …

F.3d at 745. In this case, Plaintiffs' mortgage is referred to throughout their "Original Petition," and was admitted as an exhibit by Plaintiffs in support of their motions for injunctive relief. See Plaintiffs' Petition for Temporary Restraining Order / Preliminary Injunction, Exhibit 2.

plaintiffs" and "accept all well-pled factual allegations as true." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 528 (6th Cir. 2007). "[A] complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop*, 520 F.3d at 519. "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, . . . a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (emphasis added).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) ("[E]ven though a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (citing *Twombly*, 550 U.S. at 555).[3] Plaintiffs' Original Petition does not make the necessary factual allegations against HSBC and should be dismissed.

---

[3] The Sixth Circuit in *Cleveland Fire Fighters* further observed how the *Twombly* Court had "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (recognizing 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'), characterizing that rule as one 'best forgotten as an incomplete, negative gloss on an accepted pleading standard.'" *Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 563).

### B. This Court Should Dismiss Plaintiffs' Original Petition Because It Fails To Allege Any Factual Allegations Relating To This Transaction Or These Parties.

As Exhibit A demonstrates, Plaintiffs' Original Petition is anything but original. Plaintiffs' Original Petition is a verbatim copy of a pleading circulating on the internet and filed in actions across the country. The filing of this form pleading does not even minimally satisfy pleading standards. FED. R. CIV. P. 8 requires a party to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Original Petition is devoid of any allegations specific to this transaction or these parties. The pleading does not even identify the amount of the loan at issue, when the mortgage was taken, or who the "Lender" is. See Original Petition. Plaintiffs' pleading further fails to satisfy the requirements of FED. R. CIV. P. 9(b), that allegations of fraud must state "with particularity the circumstances constituting fraud…" Plaintiffs' do not identify the nature of any purported misrepresentations, who made them, or when. While *pro se* pleadings are generally held to a less stringent standard than pleadings drafted by lawyers, courts have declined to abrogate "basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In this case, Plaintiffs failed to comply with basic pleading essentials because their pleading is not even related to the transaction or parties at hand.

Accordingly, because Plaintiffs' pleading fails to satisfy minimal pleading requirements and does not make any original factual allegations involving the mortgage in this case or these parties, it should be dismissed with prejudice.

### C. Even Considering The Allegations In The Original Petition As They Relate To This Case, Plaintiffs Fail To State A Claim Against HSBC Entitling Them To Relief.

Even if the Court considers the allegations made in the Original Petition as they relate to this case, Plaintiffs fail to state a claim for relief against HSBC.

5

### 1. Breach of Fiduciary Duty

Plaintiffs assert that "Defendants" breached their fiduciary duty to "Petitioner" by failing to comply "with applicable laws governing the loan transactions in which they were involved, including but not limited to, TILA, HOEPA, RESPA and the Regulations X and Z promulgated there under." Original Petition, Lines 552-555. "Fiduciary relationships arise when circumstances and the relationship of the parties show the parties understood and agree that confidence is reposed by one party and trust accepted by the other." *Sallee v. Fort Knox National Bank, N.A.*, 286 F.3d 878, 893 (6th Cir. 2002). The party claiming that a fiduciary relationship existed must show that reliance was not merely subjective. *Id*. at 892. Additionally, the party claiming a fiduciary relationship must show that "the nature of the relationship imposed a duty upon the fiduciary to act in the principal's interest, even if such action were to the detriment of the fiduciary." *Id*.

Plaintiffs allege absolutely no facts that would support the finding of a fiduciary relationship in an arms-length transaction for the purchase of a fully executed mortgage on the secondary market. As the court explained in *Sallee*:

> …banks do not generally have fiduciary relationships with their debtors. This flows from the nature of the creditor-debtor relationship. As a matter of business, banks seek to maximize their earnings by charging interest rates or fees as high as the market will allow. Banks seek as much security for their loans as they can obtain. In contrast, debtors hope to pay the lowest possible interest rate and fee charges and give as little security as possible. Without a great deal more, mere confidence that a bank will act fairly does not create a fiduciary relationship obligating the bank to act in the borrower's interest ahead of its own interest.

*Sallee*, 286 F.3d at 893. See also *Forsythe v. BancBoston Mortgage Corporation*, 135 F.3d 1069, 1077 (6th Cir. 1997) ("the great weight of authority is that while the relationship between a mortgagor and mortgagee is often described as one of trust, technically it is not of a fiduciary character").

Plaintiffs' do not allege facts to support the finding of a fiduciary relationship, nor could they. HSBC purchased Plaintiffs' mortgage on the secondary market without any interaction with the Plaintiffs. HSBC did not originate the loan, and had nothing to do with any allegedly improper disclosures.

Accordingly, Plaintiffs' claim for breach of fiduciary duty against HSBC should be dismissed with prejudice.

### 2. Negligence / Negligence Per Se

To support a claim for negligence under Michigan law, a plaintiff must prove four elements: duty, breach, causation, and damages. *Fultz v Union-Commerce Assocs*, 470 Mich 460, 463; 683 N.W.2d 587 (2004). Plaintiffs assert that "Defendants owed a general duty of care with respect to Petitioners, particularly concerning their duty to perform due diligence as to the loans and related transactional issues…" Original Petition, Lines 561-563. Plaintiffs further state that "Defendants" owed a duty of care under various federal statutes pertaining to required disclosures. Original Petition, Lines 564-568. First, Plaintiffs fail to allege any facts relating to HSBC to support their conclusions. Second, to the extent the basis of any claim can be discerned, it relates to purported deficiencies in the procuring of Plaintiffs' mortgage. Plaintiffs do not, and cannot, allege any facts supporting a finding of any duty between HSBC and Plaintiffs, or the breach of any such duty, because HSBC was not involved with the origination of Plaintiffs' loan.

Moreover, even if Plaintiffs did somehow state a claim for negligence, the claim is time-barred. Mich. Comp. Laws § 600.5805(10) sets forth a three year statute of limitations for negligence actions. The three years starts to run from the date of the alleged injury. In this case, Plaintiffs appear to claim there was some harm done to them either from a deficiency in the required disclosures, or in the terms of their mortgage. Either way, inasmuch as Plaintiffs had a

negligence claim to assert, it accrued at the time they entered into the mortgage. The mortgage was entered on June 24, 2005. [Exhibit B, Mortgage and Note]. Plaintiffs did not file this action until over five years later, on October 28, 2010, and it is now time-barred.

Accordingly, Plaintiffs' claim for negligence and negligence per se should be dismissed with prejudice.

### 3.     Fraud

The elements in Michigan to establish a fraud claim are: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Johnson v. Wausau Ins. Co.,* 283 Mich.App. 636, 643; 769 N.W.2d 755 (Mich.App. 2009) (citation omitted). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Id*. Plaintiffs fail to properly state a claim for fraud because although they repeatedly reference "misrepresentations," they fail to assert any factual allegations to support the claim. Plaintiffs do not identify what misrepresentations were allegedly made, who made them, or how they were material. See FED. R. CIV. P. 9(b) (requiring fraud claims to be pled with particularity).

Even if Plaintiffs' did state a claim for fraud, Plaintiffs allege that the purported misrepresentations caused "Petitioner to enter into a LOAN without knowledge or understanding of the terms thereof." Original Petition, Lines 591-593. Thus, the "reliance" and "injury" alleged for purposes of stating a fraud claim arises from the Plaintiffs' execution of the mortgage. These allegations cannot be directed towards HSBC because HSBC was not involved in the

8

origination of Plaintiffs' loan, and only purchased the loan on the secondary market after it was fully executed.

Accordingly, Plaintiffs' claim for fraud should be dismissed with prejudice.

### 4. Breach of the Implied Covenant of Good Faith and Fair Dealing

It is well-established that "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Management of Michigan*, 271 Mich. App. 11, 35; 718 N.W.2d 827 (Mich. App. 2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 476; 666 N.W.2d 271 (Mich. App. 2003)).  Therefore, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed with prejudice.

### 5. Violation of Truth in Lending Act, 15 U.S.C. § 1601, )*et seq*.

Plaintiffs fail to state a claim for violation of the Truth In Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA") because they only make the conclusory allegation that there was a violation, without any factual support.  Plaintiffs do not identify how TILA was violated or how HSBC played a role in the alleged violation.  As noted above, "a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiffs fail to state a claim because they fail to articulate their entitlement to relief from HSBC.

Furthermore, any violation of TILA necessarily occurred at the inception of Plaintiffs' mortgage because TILA deals exclusively with ensuring at the time of entering the loan, the terms and costs are clearly disclosed.  As stated, HSBC was not involved with the origination of Plaintiffs' mortgage so the allegations do not pertain to HSBC.  And, any claim under TILA is

9


barred by the applicable one year statute of limitations. See 15 U.S.C. § 1640(e). Plaintiffs concede as much in their Original Petition. See Original Petition, Lines 391-393. Although Plaintiffs make the conclusory assertion that they are entitled to equitable tolling, they do not set forth a single factual allegation involving HSBC that would entitle them to the benefit of tolling.

Accordingly, Plaintiffs' claim for violation of TILA should be dismissed with prejudice.

### 6. Intentional Infliction of Emotional Distress

The elements for a claim of intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Lewis v. Legrow*, 258 Mich. App. 175, 196; 670 N.W.2d 675 (Mich. App. 2003). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id*. (citation omitted).

The only conduct of HSBC in this case was the purchase of Plaintiffs' mortgage, and the subsequent lawful enforcement of its rights under the mortgage. Plaintiffs have failed to plead *any* conduct by HSBC, much less conduct that could be characterized as "extreme and outrageous." Moreover, as with Plaintiffs' other claims, what little allegations there are appear to relate to the inception of Plaintiffs' mortgage, with which HSBC had no involvement.

Accordingly, Plaintiffs' claim for intentional infliction of emotional distress should be dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, HSBC respectfully requests this Court grant its motion and dismiss Plaintiffs' Original Petition in its entirety, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6).

        Respectfully submitted,

        DICKINSON WRIGHT PLLC

        By:    /s/ Jennifer L. Newby
            Francis R. Ortiz (P31911)
            Jennifer L. Newby (P68891)
        Attorneys for HSBC Mortgage Services
        500 Woodward Ave., Suite 4000
        Detroit, Michigan  48226
        (313) 223-3500
        fortiz@dickinsonwright.com
        jnewby@dickinsonwright.com

Dated:  December 22, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2010, I electronically filed the foregoing paper with the Clerk of the Court with the Eastern District of Michigan using the ECF system; which will send notification to all counsel of record by CM/ECF. I also mailed via first-class mail the foregoing to the following non-ECF participant(s):

Joseph J. Coyer
Janet M. Coyer
878 East Prevo Road
Pinconning, MI  48650

/s/ Jennifer L. Newby
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
jnewby@dickinsonwright.com

DETROIT 27528-208 1186192v1