UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

        Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

        Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| | |
|---|---|
| Joseph J. Coyer<br>Janet M. Coyer<br>Plaintiffs *pro se*<br>878 East Prevo Rd.<br>Pinconning, Michigan 48650 | DICKINSON WRIGHT PLLC<br>Francis R. Ortiz (P31911)<br>Jennifer L. Newby (P68891)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500<br>fortiz@dickinsonwright.com<br>jnewby@dickinsonwright.com |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS'
OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................ 1

II.    FACTUAL BACKGROUND ..................................................................................... 1

III.   ARGUMENT ............................................................................................................... 2

       A.   Standard of Review .......................................................................................... 2

       B.   Because Plaintiffs Only Filed a Written Objection Regarding Their Claim for Violation of the Truth-in-Lending Act, Plaintiffs Waive Any Objection to the Magistrate Judge's Findings on Any of Their Other Claims and This Court Should Adopt the Report as to Those Claims. .............................................. 2

       C.   Plaintiffs' Objection to the Magistrate Judge's Finding Respecting Their Claim for Violation of the Truth-in-Lending Act Should Be Overruled. ................. 4

       D.   Plaintiffs' Remaining Objections Raise New Issues That Were Not Presented to the Magistrate Judge and Hence, Are Not Appropriate For Review, and/or Are Irrelevant to the Claims Before the Court. .............................. 7

            1.   Irreparable Harm .................................................................................. 7

            2.   Challenge to Foreclosure Procedure ............................................................ 8

            3.   Mortgage Electronic Registration Systems, Inc. ........................................ 8

IV.    CONCLUSION ........................................................................................................... 8

i

## TABLE OF AUTHORITIES

**Cases**
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................... 4
*Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008) ................................................ 4
*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) ................. 4
*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995) ................................................................................ 3
*Murr v. United States*, 200 F.3d 895 (6th Cir. 2000) ..................................................................... 7
*Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370  (6th Cir. 1987) ............................ 3
*Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2000) ..................................................................... 3
*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) ................................................................ 2

**Statutes**
15 U.S.C. §1601 .............................................................................................................................. 4
28 U.S.C. § 636 .............................................................................................................................. 2

**Other Authorities**
<u>Truth-In-Lending</u> book by the National Consumer Law Center ................................................ 5, 6
*Truth-In-Lending Disclosure Requirements, Violations, and Remedies* .................................... 5, 6

**Rules**
Fed. R. Civ. P. 72 ........................................................................................................................ 2, 3

## I.    INTRODUCTION

Plaintiffs have filed an objection to Magistrate Judge Binder's Report and Recommendation ("Report") recommending that Plaintiffs' motion for temporary restraining order and preliminary injunction be denied.  However, Plaintiffs have failed to demonstrate any error in the Magistrate Judge's Report.  Accordingly, Defendant HSBC Mortgage Services ("HSBC"), respectfully requests this Court overrule Plaintiffs' objections and adopt the Report in full.

## II.    FACTUAL BACKGROUND

On June 24, 2005, Plaintiffs executed a mortgage for $182,000.00 with Option One Mortgage Corporation ("Option One").  HSBC had no involvement with the origination of Plaintiffs' mortgage.  Following the execution of the mortgage agreement with Option One, Plaintiffs' mortgage was purchased by HSBC on the secondary market.

Plaintiffs have not made a payment to HSBC on their mortgage since February 2010.  In accordance with the Plaintiffs' mortgage agreement and the laws of the State of Michigan, HSBC foreclosed on the property located at 878 E. Prevo Road, Linwood, Michigan 48650 ("property").  The sheriff's sale of the property was adjourned from December 10, 2010, and is currently set for January 7, 2011.  Following the sheriff's sale, Plaintiffs have a statutory six month period during which they may redeem the property.

On October 28, 2010, Plaintiffs filed an "Original Petition" asserting various purported causes of action.  The claims all relate to alleged deficiencies and misrepresentations respecting the origination of their mortgage.  Plaintiffs also sought injunctive relief.  Concurrently with their "Original Petition", Plaintiffs filed a Petition for Preliminary Injunction.  On November 29, 2010, Plaintiffs filed a Petition for Temporary Restraining Order.  Plaintiffs seek to enjoin the foreclosure sale.  The Magistrate Judge issued an expedited briefing schedule and held a hearing

regarding both motions on December 7, 2010.  At the hearing, the Magistrate Judge heard argument from both parties and allowed both parties to submit additional exhibits.

On December 8, 2010, the Magistrate Judge issued his Report, recommending that Plaintiffs' motions for injunctive relief be denied.  The Magistrate Judge found there was no likelihood of success on the merits of any of Plaintiffs' claims, and that there was no irreparable harm.  Plaintiffs filed objections to the Report on December 21, 2010.  HSBC respectfully requests that this Court overrule Plaintiffs' objections and adopt the Report in full for the reasons set forth herein.

### III.     ARGUMENT

#### A.     Standard of Review.

Pursuant to FED. R. CIV. P. 72(b)(3), the filing of timely objections to a magistrate judge's report and recommendation requires a district court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  *See also*, 28 U.S.C. § 636(b)(1).  The purpose of objecting to a report is to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

#### B.     **Because Plaintiffs Only Filed a Written Objection Regarding Their Claim for Violation of the Truth-in-Lending Act, Plaintiffs Waive Any Objection to the Magistrate Judge's Findings on Any of Their Other Claims and This Court Should Adopt the Report as to Those Claims.**

In their "Original Petition," Plaintiffs asserted causes of action for:  (1) breach of fiduciary duty; (2) negligence / negligence per se; (3) fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth-in-Lending Act; and (6) intentional infliction of emotional distress.  In HSBC's brief in response to Plaintiffs' motions for injunctive

relief, HSBC addressed the likelihood of success on the merits of each of these counts. Likewise, in the Report, the Magistrate Judge made a separate finding of no likelihood of success on the merits of each of these counts. In their objections, the only cause of action for which Plaintiffs attempt to articulate an objection is their claim for violation of the Truth-in-Lending Act.

It is Plaintiffs' obligation as the objecting party to make "specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Moreover, the district court only reviews the "part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections that are not raised are not preserved for review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Further, general objections "do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2000) (holding that objections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general and objection is thus waived). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id*. (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Because Plaintiffs did not file objections regarding the Magistrate Judge's findings with respect to any of their claims aside from their claim for violation of the Truth-in-Lending Act, any objections as to those other claims are waived. As there is no objection, this Court should adopt the Report with respect to the finding of no likelihood of success on the merits of Plaintiffs' claims for breach of fiduciary duty; negligence / negligence per se; fraud; breach of the implied covenant of good faith and fair dealing; and intentional infliction of emotional distress. Therefore, the only claim this Court should consider in making its de novo review of

whether injunctive relief is appropriate is Plaintiffs' claim for violation of the Truth-in-Lending Act, as that is the only claim for which Plaintiffs filed an objection.

### C. Plaintiffs' Objection to the Magistrate Judge's Finding Respecting Their Claim for Violation of the Truth-in-Lending Act Should Be Overruled.

The Magistrate Judge found that Plaintiffs had no likelihood of success on their claim for violation of the Truth-in-Lending Act, 15 U.S.C. §1601, et seq. ("TILA"). The Magistrate Judge found that Plaintiffs had no likelihood of success because Plaintiffs failed to set forth sufficient facts in their Complaint and because the facts stated regarding the TILA claim in the motion for injunctive relief does not implicate HSBC. [Report, pp. 9-10]. The Magistrate Judge also agreed with HSBC's additional argument that any TILA claim is barred by TILA's one year statute of limitations. *Id*. at p. 9.

In their objection, Plaintiffs cite non-binding and outdated authority regarding the sufficiency of pleadings. [Plaintiffs' Obj. pp. 3, 9-10]. Contrary to Plaintiffs' mischaracterization of the law, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 528 (6th Cir. 2007). "[A] complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc*., 520 F.3d 516, 519 (6th Cir. 2008). A plaintiff is not required to make detailed factual allegations in their complaint, but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

In their objection, Plaintiffs do not direct the Court to any factual allegations in their pleading that properly allege a claim for violation of TILA.  As the Magistrate Judge correctly found, Plaintiffs' Original Petition failed to set forth a claim for violation of TILA.  [Report, p. 9].  Plaintiffs' misplaced reference to outdated and non-binding law is insufficient to demonstrate an error in this finding.  Accordingly, this Court should overrule Plaintiffs' objection and adopt the Report.

Plaintiffs also fail to demonstrate an error in the Magistrate Judge's finding that HSBC is not implicated in any violation of TILA.  As the Magistrate Judge pointed out, HSBC was not involved in the origination of Plaintiffs' mortgage, which is when any alleged TILA violation necessarily occurred.  [Report, p. 10].  Consequently, any claim for violation of TILA cannot be directed against HSBC.

Lastly, Plaintiffs apparently object to the Magistrate Judge's finding that Plaintiffs' claim for violation of TILA is barred by a one year statute of limitations.  Plaintiffs argue they are entitled to equitable tolling.  While Plaintiffs' pleading fails to articulate any basis entitling them to equitable tolling of the statute of limitations, in their objections Plaintiffs assert that they could not have reasonably discovered "even the possibility of the concealed facts of TILA violations until Plaintiff read the Truth-In-Lending book by the National Consumer Law Center and also the '*Truth-In-Lending Disclosure Requirements, Violations, and Remedies*' paper written by Leslie B. Ng on June 13, 2007."  [Plaintiffs' Obj. p. 3].

First, because Plaintiffs fail to set forth a cognizable claim for violation of TILA, any claim for equitable tolling of the statute of limitations on that claim should be denied.  While Plaintiffs baldly assert that there are "concealed facts" regarding "TILA violations," Plaintiffs fail to set forth what facts were concealed and what violations they allege.  Second, even if the

5

paltry accusations set forth in Plaintiffs' objections were enough to overcome their pleading deficiency, which they are not, Plaintiffs' still fail to articulate facts that would entitle them to equitable tolling.

According to Plaintiffs, they could not have discovered whatever the alleged TILA violations were until they read the Truth-In-Lending book by the National Consumer Law Center, and the *Truth-In-Lending Disclosure Requirements, Violations, and Remedies*' paper written by Leslie B. Ng.  However, at least one of the publications (and many more on the topic) were publicly available prior to the expiration of the statute of limitations.  The Truth-In-Lending book by the National Consumer Law Center was first published in December 1986 and is currently in its seventh edition.[1]  Inasmuch as this resource was necessary for Plaintiffs to discover their cause of action, which HSBC does not concede, it was available even before Plaintiffs entered into their mortgage with Option One in June 2005, and certainly before the statute of limitations ran on any purported TILA violation in June of 2006.  With respect to the *Truth-In-Lending Disclosure Requirements, Violations, and Remedies*' paper written by Leslie B. Ng, Plaintiffs assert it was written in June 2007.  Even assuming, though HSBC does not concede, that equitable tolling applies, it would only have tolled the statute of limitations until release of the paper in June 2007.  Meaning the one year statute of limitations would have expired in June 2008, nearly two years before Plaintiffs filed the instant action.  Accordingly, even under Plaintiffs' own theory, Plaintiffs claim for violation of TILA is time-barred.

---

[1] First edition of Truth-In-Lending available at http://www.amazon.com/Truth-Lending-Consumer-Credit-Practice/dp/0717271579/ref=sr_1_4?s=books&ie=UTF8&qid= 1293739902&sr=1-4

The Magistrate Judge correctly found that Plaintiffs do not have a likelihood of success on the merits of their claim for violation of TILA, or any of their other claims. This Court should overrule Plaintiffs objections and adopt the Report.

### D. Plaintiffs' Remaining Objections Raise New Issues That Were Not Presented to the Magistrate Judge and Hence, Are Not Appropriate For Review, and/or Are Irrelevant to the Claims Before the Court.

Plaintiffs make a series of arguments that are either raised for the first time in their objections, and / or are irrelevant to the claims pled by Plaintiffs. These arguments should not be considered by the Court.

#### 1. Irreparable Harm

Plaintiffs argue for the first time in their objections that there would be irreparable harm if they are evicted because their thirteen year old granddaughter who lives with them would also be evicted. This argument, not raised before the Magistrate Judge, should not be considered by this Court. Parties are not permitted to "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing cases). The failure to raise a claim before the magistrate "constitutes waiver." *Id*.

In addition, even if this Court were to consider this new argument, it does not change the reasoning of the Magistrate Judge and fails to demonstrate any error. Regardless of who Plaintiffs may have living in their household, the Magistrate Judge found there is no irreparable harm in this case because Plaintiffs are not in immediate danger of being evicted. Plaintiffs seek to enjoin the foreclosure sale. However, the foreclosure sale does not trigger any material change in Plaintiffs' position. Rather, following the foreclosure sale, Plaintiffs have a statutory six-month right to redeem the property which would by law void any purchase at the foreclosure

sale. Further, Plaintiffs cannot be evicted during the six-month redemption period. Based on these facts, which Plaintiffs do not challenge in their objections, the Magistrate Judge found there is no irreparable harm. This Court should overrule Plaintiffs' objection and adopt the Report.

### 2. Challenge to Foreclosure Procedure

Plaintiffs make a passing reference in their objection that the foreclosure by advertisement process is deficient in this case. [Plaintiffs' Obj. p. 2]. This argument is also not properly before this Court. First, Plaintiffs did not submit any evidence and the Magistrate Judge did not make any findings regarding whether HSBC is in compliance with procedural laws governing foreclosure. As noted above, any arguments or issues raised for the first time in objections should not be reviewed. *Murr*, *supra*. Second, Plaintiffs do not even bring a claim against HSBC challenging the procedural aspect of the foreclosure, thus any arguments regarding that issue are irrelevant to this case.

### 3. Mortgage Electronic Registration Systems, Inc.

Plaintiffs also dedicate six pages in their objection to Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS is a separate legal entity not affiliated with HSBC. MERS is not a party to this suit. Thus, Plaintiffs' allegations and excerpts of deposition testimony given in other cases involving MERS are irrelevant to this case and should not be considered by this Court.

### IV. CONCLUSION

For the foregoing reasons, HSBC respectfully requests this Court overrule Plaintiffs' objections and adopt the Report in full.

        Respectfully submitted,

        DICKINSON WRIGHT PLLC


        By: /s/ Jennifer L. Newby
            Francis R. Ortiz (P31911)
            Jennifer L. Newby (P68891)
        Attorneys for HSBC Mortgage Services
        500 Woodward Ave., Suite 4000
        Detroit, Michigan 48226
        (313) 223-3500
        fortiz@dickinsonwright.com
        jnewby@dickinsonwright.com

Dated: January 4, 2011


## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court with the Eastern District of Michigan using the ECF system; which will send notification to all counsel of record by CM/ECF. I also mailed via first-class mail the foregoing to the following non-ECF participant(s):

Joseph J. Coyer
Janet M. Coyer
878 East Prevo Road
Pinconning, MI 48650


/s/ Jennifer L. Newby
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
jnewby@dickinsonwright.com


DETROIT 27528-208 1187814v1