UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. COYER
JANET J. COYER,

        Plaintiffs,

                                              Case Number 10-14339-BC
                                              Honorable Thomas L. Ludington

v.

HSBC MORTGAGE SERVICES,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

On October 28, 2010, Plaintiffs Joseph and Janet Coyer ("Plaintiffs") filed a complaint against Defendant HSBC Mortgage Services ("Defendant" or "HSBC") [Dkt. #1] alleging that Defendant, "acting in concert and collusion with others, induced [Plaintiffs] to enter into a predatory loan agreement with Defendant." More specifically, the complaint alleges six causes of action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and (6) intentional infliction of emotional distress. On the same day, Plaintiffs also filed a Petition for Preliminary Injunction [Dkt. #2], the content of which is substantially similar to the complaint.

On November 29, 2010, Plaintiffs filed a Petition for Temporary Restraining Order [Dkt. #10] seeking an injunction of the "trustee sale" of their home reportedly scheduled for December 10, 2010. Plaintiffs assert that they will suffer an immediate and irreparable injury if the injunction

does not issue because "once the foreclosure sale has taken place Plaintiffs will suffer the complete loss of the property as Defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiffs have against Defendant." [Dkt. #10]. Plaintiffs further contend that there is a substantial likelihood that they will prevail on the merits of their case and that the threatened harm to Plaintiffs outweighs the threatened harm to Defendant. Defendant filed a combined response to both motions on December 3, 2010 [Dkt. #13].

This matter is now before the Court on a report and recommendation [Dkt. #23] issued by Magistrate Judge Charges E. Binder on December 8, 2010. Judge Binder found that Plaintiffs are unlikely to succeed on the merits of the six causes of action alleged in the complaint. More specifically, Judge Binder found that Plaintiffs are not likely to succeed on their breach of fiduciary duty claim because generally no fiduciary duty arises within the lender-borrower context and Plaintiffs have not alleged any special circumstances that would override that general rule. Judge Binder also found that Plaintiffs are unlikely to succeed on their negligence, fraud, and TILA claims because these claims relate to the inception of their mortgage and disclosures made at the time of the signing of the note and mortgage between Option One Mortgage Corporation ("Option One") and Plaintiffs. Defendant had no involvement with the transaction at this time. Additionally, Judge Binder found that Plaintiffs' TILA claim is barred by its one-year statute of limitation. As to Plaintiffs' cause of action for breach of the implied covenant of good faith and fair dealing, Judge Binder found that Michigan does not recognize such a claim. Finally, Judge Binder found that Plaintiffs are unlikely to succeed on the merits of their intentional infliction of emotional distress claim because they had not come forward with allegations or evidence of conduct on the part of Defendant that was so outrageous in character and so extreme in degree as to go beyond all possible

bounds of decency.

Judge Binder also found Plaintiffs' claims of irreparable harm and public policy concerns to not be supported by the law because foreclosure proceedings would merely trigger the six-month period during which Plaintiffs, while maintaining possession, may still redeem their property.

Plaintiffs filed an objection to the report and recommendation on December 21, 2010 [Dkt. #24] and Defendant filed a response to Plaintiffs' objection on January 4, 2011 [Dkt. #27]. For the reasons explained below, the Court will overrule Plaintiffs' objections and adopt Judge Binder's report and recommendation.

I

On June 24, 2005, Plaintiffs entered into a mortgage for $182,000.00 with Option One Mortgage Corporation. HSBC was not involved with the origination of Plaintiffs' mortgage, but following execution of the mortgage agreement with Option One, HSBC purchased Plaintiffs' mortgage. Plaintiffs stopped making payments to HSBC on the mortgage in February 2010, and in accordance with the mortgage agreement and Michigan laws, HSBC foreclosed on the property located at 878 E. Provo Road, Linwood, Michigan.

II

A

Plaintiffs have made three objections to the magistrate judge's report and recommendation. Each will be discussed separately below. Plaintiffs have not objected to the other proposed findings and recommendations, and the Court will not, as a result, review the portions of Judge Binder's report that have not been objected to. *See* Fed. R. Civ. P. 72(b)(3).

**1**

Plaintiffs first object to Judge Binder's finding that their claim of irreparable harm is not supported by the law, and allege new facts to contradict Judge Binder's findings. Plaintiffs state that they are the legal guardians of their thirteen-year old granddaughter who faces losing her home because court proceedings can extend beyond the six-month redemption period. Should Plaintiffs' granddaughter lose her home, Plaintiffs contend she will become a ward of the state which will result in irreparable harm resulting from the psychological damage of relocating. While the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court of timely filed objections, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

However, even if the Court were to consider this new evidence, Plaintiffs still have not identified any improper legal theories or conclusions reached in the report and recommendation. Plaintiffs' petition seeks to enjoin the foreclosure sale, not the subsequent eviction should they be unable to redeem the property during the statutory six-month period which is what would cause the harm they allege in their objection. Plaintiffs also do not provide evidence demonstrating that they have no housing alternatives other than to maintain their present home or why they contend their granddaughter will become a ward of the state as a result of the foreclosure on their property. Plaintiffs' first objection will be overruled.

**2**

Plaintiffs' second objection is to Judge Binder's conclusion that an injunction would not be in the public's best interest. In support of this objection, Plaintiffs challenge Defendant's foreclosure

by advertisement process as deficient under M.C.L. § 600.3204 because Defendant did not institute a proceeding to recover the debt secured by the mortgage. Plaintiffs additionally assert that the foreclosure procedure is deficient because Defendant purchased the mortgage on the secondary market and have not produced a record chain of title evidencing assignment of the mortgage. This argument and accompanying evidence was not submitted to Judge Binder and is, as a result, waived. *See Murr*, 200 F.3d at 902 n.1. Plaintiffs' second objection will be overruled.

**3**

Plaintiffs also object to Judge Binder's conclusion with respect to the likelihood of their success on the merits of their TILA claim in determining whether injunctive relief is appropriate. Plaintiffs allege that they have adequately pleaded that a TILA violation has occurred, and that specific violations need not be alleged with particularity. Although Judge Binder found that Plaintiffs did not set forth the underlying facts for their TILA claim in their complaint, the facts set forth in Plaintiffs' motion for injunctive relief were considered in the report and recommendation. There, Plaintiffs alleged that the lender, loan broker, and appraiser either provided false information or failed to fully disclose pertinent information in order to induce Plaintiffs to accept an overpriced loan. Defendant HSBC was not involved with the signing of the note and the mortgage, and Plaintiffs do not provide any legal authority supporting HSBC being held liable for the unaffiliated lender, loan broker, and appraiser's allegedly wrongful actions. Plaintiffs do not challenge Judge Binder's legal analysis or his conclusion that their original petition did not set forth a factual basis for a TILA claim. Instead, Plaintiffs simply allege without any evidence that there are concealed facts regarding TILA violations.

Plaintiffs also contend that the statute of limitations has not run on their TILA claim because

they are entitled to equitable tolling. Plaintiffs alleges that they could not have reasonably discovered the possibility of a TILA violation until reading the treatise Truth in Lending or a paper entitled Truth-In-Lending Disclosure Requirements, Violations, and Remedies. *See* National Consumer Law Center, Truth in Lending (7th ed. 2010); Leslie Ng, Truth-In-Lending Disclosure Requirements, Violations, and Remedies (June 13, 2007). Defendant notes in its response that even if Plaintiffs had overcome their TILA pleading deficiency in order to be entitled to equitable tolling, the claim would still be time-barred. The Truth-In-Lending publication has been available since 1986 and is currently in its seventh edition. Plaintiffs do not explain why these materials were necessary to discover their TILA cause of action. Moreover, even if the materials were necessary, they do not rebut Defendant's assertion that they were available well before Plaintiffs entered into their mortgage with Option One in June 2005. Furthermore, even if equitable tolling was proper up until the publication date for Truth-In-Lending Disclosure Requirements, Violations, and Remedies, the statute of limitations on Plaintiffs' TILA claim would have expired in June 2008, nearly two years before Plaintiffs file the instant action.

Based on the above, the Court will overruled Plaintiffs' third objection.

**B**

Plaintiffs raise additional arguments and evidence that were not submitted to Judge Binder for his report and recommendation and, as noted above, failure to raise a claim before the magistrate constitutes waiver. *Murr*, 200 F.3d at 902. This includes Plaintiffs' lengthy discussion of Mortgage Electronic Registration Systems, Inc., which is not a party to the instant action. Plaintiffs also argue that they exercised their right to rescind under the TILA, and furnished their notice of rescission effective March 30, 2010. Although this is not an objection to Judge Binder's finding, it merits brief

review by the Court because it is relevant to the claim on the merits. Under Regulation Z, which was promulgated by the Board of Governors of the Federal Reserve System pursuant to its authority under TILA, Section 225.15(a)(3) (open-end credit) and Section 226.23(a)(3) (closed-end credit), allow a consumer to exercise the right to rescind until midnight of the third business day following the occurrence of a credit plan resulting in a security interest in the consumer's principal dwelling. In the event the required notice and material disclosures are not delivered, as Plaintiffs allege in the instant case, the right to rescind expires three years after the occurrence of a credit plan resulting in a security interest in the consumer's principal dwelling, upon transfer of all of the consumer's interest of the property, or upon sale of the property, whichever occurs first. See 12 C.F.R. §§ 225.15(a)(3), 226.23(a)(3). In the instant case, assuming, *arguendo*, that the required notice and material disclosures were not delivered, the right to rescind expired in June 2008 at the very latest. As a result, Plaintiffs' argument regarding rescission does not provide a basis for rejecting Judge Binder's findings in his report and recommendation.

### III

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation [Dkt #23] is **ADOPTED**.

It is further **ORDERED** that Plaintiffs' motion for preliminary injunction [Dkt. #2] is **DENIED**.

It is further **ORDERED** that Plaintiffs' motion for temporary restraining order [Dkt. #10] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 19, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph J Coyer and Janet M Coyer, at 878 East Prevo Road, Pinconning, MI 48650-9470 by first class U.S. mail on April 19, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS