UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

          Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

          Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| Joseph J. Coyer | DICKINSON WRIGHT PLLC |
|---|---|
| Janet M. Coyer | Francis R. Ortiz (P31911) |
| Plaintiffs *pro se* | Jennifer L. Newby (P68891) |
| 878 East Prevo Rd. | Attorneys for Defendant |
| Linwood, Michigan 48650 | 500 Woodward Avenue, Suite 4000 |
| | Detroit, Michigan 48226 |
| | (313) 223-3500 |
| | fortiz@dickinsonwright.com |
| | jnewby@dickinsonwright.com |

## HSBC MORTGAGE SERVICES' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## I.     INTRODUCTION

Plaintiffs continue to rely on form pleadings found on the internet that have no relevance to HSBC. Plaintiffs' Response is nearly identical to several others filed in actions around the country. The allegations all pertain to alleged deficiencies in the origination of a mortgage and the required disclosures. Plaintiffs fail to address HSBC's undisputed assertion that HSBC did not originate Plaintiffs' loan and had no involvement with any of the alleged deficiencies. Plaintiffs also fail to address any of the arguments made in relation to the specific claims asserted in Plaintiffs' Original Petition. Accordingly, HSBC is entitled to dismissal of the claims asserted in Plaintiffs' "Original Petition" with prejudice.

## II.     LAW AND ARGUMENT

### A.     Plaintiffs' "Response" Is Another Form Pleading That Fails To Address The Arguments Raised by HSBC.

In its Motion, HSBC pointed out that Plaintiffs filed a form pleading that makes no factual allegations that are relevant to HSBC. See Exh. A to Motion to Dismiss. Such a pleading fails to comply with basic court rules, and cannot be condoned even where the drafter is a pro se plaintiff. See FED. R. CIV. P. 8; and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiffs' response to this argument was to file yet another form document from the internet that has been filed in actions across the country. See Sample Responses, attached at Exh. C. Courts confronted with these form responses have granted the defendants' motions to dismiss.[1] See Orders, attached at Exh. D. Because Plaintiffs' Response fails to address any of the arguments raised by HSBC, HSBC's Motion to Dismiss should be granted and Plaintiffs' claims dismissed with prejudice.

---

[1] Including Hon. Bernard Friedman of the Eastern District of Michigan, see Exh. D.

  **B.** **Even Considering The Response As It Relates To This Case, Plaintiffs Fail To State A Claim Against HSBC.**

  This Court recently adopted Magistrate Judge Binder's Report and Recommendation denying Plaintiffs' request for injunctive relief, and specifically finding a lack of likelihood of success on the merits of all of Plaintiffs' claims.  Nothing stated in Plaintiffs' Response varies Judge Binder's analysis.  Plaintiffs fail to state any valid claim for relief against HSBC.  As discussed in HSBC's Motion, all of Plaintiffs' claims stem from purported conduct or omissions at the time of the inception of Plaintiffs' mortgage.  HSBC was not involved with the origination of Plaintiffs' mortgage.  Plaintiffs do not deny this fact.  Indeed, Plaintiffs' own exhibit demonstrates that Plaintiffs allege wrongdoing by their original lender and or loan broker, and not HSBC.  Plaintiffs attach their Good Faith Estimate which was prepared by Millenium Lending, Inc. (not HSBC), according to the handwritten notes on the Exhibit, the interest rate was switched prior to closing by Option One (not HSBC).  See Plaintiffs' Response, Exh. 2.  Moreover, in paragraph 6 of their Response, Plaintiffs make an allegation against "Option One," who is not a party to this action.  Consistent with HSBC's Motion, HSBC did not make any of the misrepresentations or omissions alleged by Plaintiffs.

  Further, Plaintiffs fail to address HSBC's argument that many of their claims are barred by the applicable statute of limitations.  See 15 U.S.C. § 1640(e) (one year statute of limitations for TILA claims); and 12 U.S.C. § 2614 (three year, and in some cases one year, statute of limitations for RESPA claims).  Plaintiffs only response is to reiterate their position that they are entitled to equitable tolling, without stating a factual basis to support such a conclusion.  Plaintiffs do not set forth a single fact that would support a finding that HSBC concealed anything from Plaintiffs (much less how whatever HSBC concealed would toll the statute of

limitations). Furthermore, the authority Plaintiffs cite is non-binding law from California state courts and the 9th Circuit - not surprising given that Plaintiffs rely on a form pleading circulating the internet.

### III.   CONCLUSION

Plaintiffs failed to pay their mortgage as agreed. When HSBC attempted to exercise its contractual right to foreclose as a result of Plaintiffs' nonpayment, Plaintiffs searched the internet for a form pleading that would allow them to forestall the foreclosure and force HSBC to incur litigation costs all without any merit and without making a single allegation relevant to HSBC. This Court, in keeping with other courts confronted with these pleadings, should immediately dismiss Plaintiffs' claims with prejudice. Accordingly, HSBC respectfully requests this Court grant its Motion to Dismiss.

Respectfully submitted,

DICKINSON WRIGHT PLLC


By:   /s/ Jennifer L. Newby
   Francis R. Ortiz (P31911)
   Jennifer L. Newby (P68891)
Attorneys for HSBC Mortgage Services
500 Woodward Ave., Suite 4000
Detroit, Michigan  48226
(313) 223-3500
fortiz@dickinsonwright.com
jnewby@dickinsonwright.com

Dated:  April 26, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2011, I electronically filed the foregoing paper with the Clerk of the Court with the Eastern District of Michigan using the ECF system; which will send notification to all counsel of record by CM/ECF. I also mailed via first-class mail the foregoing to the following non-ECF participant(s):

Joseph J. Coyer
Janet M. Coyer
878 East Prevo Road
Pinconning, MI 48650


/s/ Jennifer L. Newby
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
jnewby@dickinsonwright.com


DETROIT 27528-208 1202232v1