

```
1   Joseph J Coyer and
2   Janet M Coyer, H/W                              F I L E D
3   878 East Prevo Road                             MAY 09 2011
4   Pinconning, MI 48650
5   Filing pro-se, without an attorney              CLERK'S OFFICE
                                                    BAY CITY
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| **Joseph J. Coyer** and **Janet M. Coyer**, H/W | ) | Case #: **10-14339-BC** |
| Plaintiffs, | ) ) | Honorable Thomas L. Ludington |
| v. | ) ) | **PLAINTIFFS SURREPLY** |
| **HSBC MORTGAGE SERVICES,** Defendant | ) ) ) | Dated: May 9, 2011 |

## PLAINTIFFS' SURREPLY

------------------------------------------

**Joseph J. Coyer and Janet M. Coyer are before this court by special appearance without waiving any rights remedies or defenses, statutory or procedural.**

------------------------------------------

**COME NOW** Plaintiffs Joseph J. Coyer and Janet M. Coyer and hereby move the Court for leave to file this surreply in response to HSBC's reply in support of its motion to dismiss filed on 4/26/2011.

1. Plaintiffs have not conferred with Defendant on filing the Surreply.

2. Plaintiffs respectfully request that this Court grant them leave. It is necessary for Plaintiffs to represent their views in light of certain distortions made by Defendant.

3. In the Surreply, Plaintiffs hereby oppose the arguments presented on HSBC's reply as follows:

### INTRODUCTION

4. Plaintiffs dispute the validity of HSBC's foreclosure on Plaintiffs' property.

5. Although HSBC was not involved in the origination of the mortgage, it claims to have purchased it and thus assumed its liabilities. The purchase of a mortgage does not include

solely the purchase of its benefits.

6. All of the Plaintiffs' claims are stated against HSBC as a party which assumed the liabilities of the Mortgage.

7. HSBC is not entitled to receive payments because HSBC does not own the indebtedness. It only purchased the mortgage, without the note.

8. The Court must construe the evidence in the light most favorable to the Plaintiffs.

## ARGUMENTS

### 1. *HSBC's Liabilities on all Claims*

9. HSBC claims that it had no involvement with the origination of the loan and cannot be liable for discrepancies related to the loan's origination.

10. Pursuant to **16 CFR 433.2**,

> In connection with any sale or lease of goods or services to consumers, in or affecting commerce as commerce is defined in the Federal Trade Commission Act, *it is an unfair or deceptive act or practice* within the meaning of section 5 of that Act for a seller, directly or indirectly, to:
>
> (a) Take or receive a consumer credit *contract which fails to contain the following* provision in at least ten point, bold face, type: NOTICE ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS *SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER* OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
>
> or,
>
> (b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type: NOTICE ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

11. Even if HSBC considers itself not to be the originator of the loan, HSBC is still liable to all defenses that Plaintiffs could assert against the originator of the loan pursuant to **16**

CFR 433.2.

12. Even if HSBC did not make the misrepresentations or omissions alleged by Plaintiffs, HSBC is still liable on these misrepresentations or omissions pursuant to **16 CFR 433.2.**

13. If the "mortgage" allegedly assigned to HSBC does not have this provision required by **16 CFR 433.2,** then HSBC would be liable for an unfair and deceptive act or practice.

14. If the "mortgage" does have this provision, then HSBC would not qualify as a holder in due course because it would have taken the instrument with notice that Borrower could assert "all claims and defenses" against it -- and thus failing the requirements of **§440.3302(b)**.

15. Plaintiffs move the Court to take a judicial notice and clarify (1) whether HSBC is or is not a holder in due course; (2) whether the provision required by **16 CFR 433.2** is part of the "mortgage" which the court claims to have been purchased by HSBC, and (3) what is the consideration that HSBC paid for that purchase.

2. *The Claim of Fraud*

16. HSBC presented six elements of fraud and stated that Plaintiffs should prove all these elements to succeed on a claim of fraud.

17. Based on research, it was discovered that Plaintiffs are only required to prove "concealment or misrepresentation" conduct by the Defendant.

18. "The concealment or misrepresentation policy defense is a species of fraud." *Court of Appeals, Division One, American v. Federal, Case No. 1 CA-CV 00-0549; 2003*.

19. The concealment is clear -- HSBC has concealed from Plaintiffs and the Court the true identity of the owner of the Note.

20. The misrepresentation is clear -- HSBC is portraying that it is entitled to foreclose based on its purchase of the loan, based on an invalid assignment. The law does not authorize HSBC to foreclose simply because it has a mortgage assignment.

21. In order for a party to own an interest in the indebtedness, it must have a legal share, title, or right in the note.

22. HSBC does not have a legal share, title, or right in the note.

23. The Court's Order of 4/19/2011 states that "HSBC purchased Plaintiffs' mortgage." Based on this assertion, the Court ruled in HSBC's favor.

24. Exhibit 3 is an assignment of Mortgage.

25. Exhibit 8 is an assignment of mortgage.

26. Neither the Court nor HSBC claimed that HSBC has a legal share, title, or right in the note.

27. Therefore, HSBC has no foreclosure authority and its foreclosure of property is a fraudulent conversion of title to property.

28. The Court abused its discretion by not properly analyzing the facts before it, especially with regard to HSBC's standing and entitlement to foreclose -- regardless of whether Plaintiffs properly raised the issue or not.

29. The Court has totally ignored the basic legal standards of property law that govern mortgages and notes:

> Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property. Typically, the same person holds both the note and deed of trust. In the event that the note and the deed of trust are split, the note, as a practical matter becomes unsecured. The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. ***The person holding only the deed of trust will never experience default*** because only the holder of the note is entitled to payment of the underlying obligation. The mortgage loan [becomes] ineffectual when the note holder [does] not also hold the deed of trust.[1]

30. Regarding assignments:

31. When the holder of the promissory note assigns or transfers the note, the deed of trust is also transferred. ***An assignment of the deed of trust separate from the note has no "force."*** Effectively, the note and the deed of trust are inseparable, and when the promissory note is transferred, it vests in the transferee "all the interest, rights, powers and security conferred by the deed of trust upon the beneficiary therein and the payee in the notes."[2]

32. Thus, if the note is properly assigned, the deed of trust automatically goes with it, and the note is not split from the deed of trust. However, that is not necessarily the case ***when it***

---

[1] See *Restatement (Third) of Property (Mortgages)*, § 5.4 Comment.
[2] U.S. Bankruptcy Court for the Western District of Missouri, *In Re Box*, case No. 10-20086.

*is the deed of trust which is assigned – if the note is not also assigned, the assignment of the deed of trust is, for all practical purposes, ineffectual* because the note and deed of trust have become split.[3]

33. In the present case, the only assignment that exists is the assignment of the mortgage (Exhibits 3 and 8). These assignments were invalid. But even if they were valid, the assignment of the mortgage separate from the note is *"for all practical purposes, ineffectual"* and has no "force."

34. In the present case, the court granted "force" and "effect" to an assignment that has neither force nor effect by itself.

35. As a result, the court's order is void since it is based on unlawful premises.

36. The Court cannot grant or give approval to HSBC actions where the statute prohibits HSBC from being entitled to take those actions.

37. HSBC's misrepresentation by portraying itself to be entitled to foreclose is material because it is aimed at fraudulently depriving Plaintiffs of their property.

38. Defendant clearly has a purposeful attempt to deceive Plaintiffs and to commit fraud upon the Court in order to receive a benefit to themselves -- the sale and ownership of property.

39. Defendant's reputation is clearly one of dishonesty.

### 3. Statute of Fraud and Unconscionability

40. In its 4/26/2011 pleading, HSBC claims that it is attempting "exercise its contractual right to foreclose."

41. There is no contract between Plaintiffs and HSBC, and HSBC has never provided a copy of any contract with Plaintiffs.

42. HSBC claims to have an assignment of a mortgage.

43. Said assignment is invalid for lack of a proper consideration.

44. It is invalid because it was executed after Plaintiffs had already recorded Exhibits 5, 6, and 7. Plaintiffs consider these recorded documents to have valid legal effect -- and neither the Court nor Defendant proved otherwise. Due to these documents' legality, all Defendant's foreclosure action has no force since Defendant has no valid power to act -- since its assignment

---

[3] U.S. Bankruptcy Court for the Western District of Missouri, *In Re Box*, case No. 10-20086.

was obtained after the date of default and the removal/rescinding of the parties to the mortgage and Note.

45. The assignments of mortgage has no force without the ownership of the Note. Defendant never claimed or proved to be the owner of the note. Thus its foreclosure is fraudulent.

46. In addition, if the Court wihse to consider the assignment of the mortgage to be valid, then the Court would have to also consider that such a mortgage was unconscionable.

47. The Mortgage does not contain any provision which proves that Defendant or Lender promised to provide or actually provided any money to Plaintiffs.

48. Plaintiffs assert that the Note, Rider, and Mortgage related to the Property were unconscionable pursuant to **Restatement (Second) of Contracts §208**.

49. There is a gross disparity in the values exchanged See **§§79, 364**.

50. Such a disparity may also corroborate indications of defects in the bargaining process.

51. Plaintiffs assert that the Note, Rider, and Mortgage -- taken as a whole -- are oppressive and imbalanced.

52. The Note, Rider, and Mortgage are written in a manner to Protect Lender's interests against various contingencies and none giving analogous protection to Plaintiffs -- or at least Plaintiffs.

53. There is unrestricted discretion to Lender.

54. Furthermore, the gross inequality of bargaining power, together with terms unreasonably favorable to Lender, indicate that the transaction involved elements of deception or compulsion, and shows that the weaker party (Plaintiffs) had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms.

55. In summary, the Note, Rider, and Mortgage as a whole were unconscionable when made.

4. <u>Lack of a Valid Consideration or Damages</u>

56. In its 4/26/2011 pleading, HSBC claims that it is attempting "exercise its contractual right to foreclose."

57. No valid contractual rights exist without a valid consideration.

58. Pursuant to Exhibit 8, HSBC paid one dollar as a consideration for the mortgage. Any claim by HSBC must be equal to the amount of its consideration -- which is one dollar.

59. There is no evidence on record of any damages suffered by HSBC other than the one dollar.

60. HSBC cannot lawfully collect more than what it has incurred: one dollar.

61. There is no evidence that HSBC would have incurred a loss of its own money beyond the one dollar if the alleged debt was not paid.

62. There is no evidence on record of damages, and the court abused its discretion by ruling in favor of HSBC.

## 5. Lack of Good Faith and Fair Dealing

63. The Court's Order of 4/19/2011 makes reference to "Plaintiffs' cause of action for breach of the implied covenant of good faith and fair dealing" and stating that "Michigan does not recognize such a claim."

64. Pursuant to Restatement (Second) of Contracts §205, **"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."**

65. Plaintiffs believe that the Restatement is an applicable law in Michigan.

66. Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving "bad faith" because they violate community standards of decency, fairness or reasonableness.

67. HSBC is not performing or enforcing what it considers "its contractual right to foreclose." There is no contract between Plaintiffs and HSBC. HSBC does not have any contractual right to foreclose.

68. Furthermore, HSBC wants to take advantage of contracts between Plaintiffs and the original lender (without entitlement to do so) -- while it refuses to take responsibility for the liabilities of those contracts.

69. The reason for such double standard is clear: HSBC never properly acquired the rights of original Lender. Its foreclosure is nothing more than a fraudulent conversion of title to property.

## 6. Intentional Infliction of Emotional Distress

70. HSBC is not being entitled to foreclose because it does not own the debt or the Note. It simply alleges an invalid assignment to the Mortgage.

71. Based on this undisputed fact, while it is not entitled to foreclose, HSBC's foreclosure attempt is an extreme and outrageous conduct.

72. The Court's ruling in HSBC's favor s another extreme and outrageous conduct.

73. HSBC's conduct is certainly intentional to fraudulently convert title to property. The Court's conduct is reckless for failing to distinguish between assignment of mortgage and ownership of the Note.

74. Both HSBC's conduct and the Court's unjust rulings have inflicted severe emotional distress upon the Plaintiffs. The lawyers and judges involved in this case would also suffer severe emotional distress if their property is being threatened to be foreclosed while the foreclosing entity is not entitled to do so.

75. The mortgage, by itself, does not provide HSBC with any lawful rights or authority to foreclose.

## 7. Constitutional Violations

76. Plaintiffs allege that HSBC could not possibly have acted in good faith within the meaning of Michigan Statutory or Common Law.

77. Plaintiffs allege that HSBC engages in a pattern and practice of utilizing the foreclosure procedures of this State to foreclose on Property when it does not, in fact, has the right to do so, thinking that the Property owners affected may not have the knowledge and means to contest the right of HSBC to do so.

78. Michigan law does not afford any legal immunity or protection to fraudulent devices in mortgage foreclosure.

79. This Court should protect fundamental and procedural rights of the people to due process protection of law in conformity with the law and constitutions of both the State and the Federal Governments.

80. It is a custom, practice, and policy of the Courts to permit suits which constitute both unconstitutional deprivations of property without due process of law and also impairments on the obligations of contract.

## CONCLUSION

81. As proven herein, there are many factual allegations to which HSBC is to be held liable.

82. The court failed to properly evaluate the irreparable harm, the criteria for an injunction, and the likelihood of Plaintiffs' success on the merits.

83. "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." *Plaskey v CIA, 953 F.2nd 25*.

*84.* "The trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish." *Breck v. Ulmer, 745 P.2d 66, 75 (1987).*

85. The Court abused its discretion by how it evaluated the facts and the law.

86. The Court finds it appropriate to raise legal arguments for the first time that are in HSBC's favor -- but fails to consider matters which are fundamentally important to the Plaintiffs.

87. Plaintiffs move the Court to take judicial notice of the requirements that a foreclosing party has to meet and how HSBC met those requirements in this case.

**WHEREFORE** Plaintiffs Joseph J. Coyer and Janet M. Coyer move the Court to dismiss HSBC's motion to dismiss Plaintiffs' original petition.

In the alternative, Plaintiffs move the court to grant Plaintiffs 20 days to file an Amended Complaint, and to grant Plaintiffs any relief the Court deems appropriate.

DATED: May 9, 2011

Respectfully submitted,

*[signature]*          *[signature]*
Joseph J. Coyer          Janet M. Coyer

Joseph J Coyer and
Janet M Coyer, H/W
878 East Prevo Road
Pinconning, MI  48650
*Filing pro-se, without an attorney*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | | |
|---|---|---|
| **Joseph J. Coyer** and | ) | Case #: **10-14339-BC** |
| **Janet M. Coyer**, H/W | ) | |
| Plaintiffs, | ) | Honorable Thomas L. Ludington |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **HSBC MORTGAGE SERVICES,** | ) | |
| Defendant | ) | |
| _____ | ) | Dated: _____ |

## ORDER
### GRANTING PLAINTIFFS MOTION FOR LEAVE TO RESPOND TO DEFENDANT'S REPLY

Having considered Plaintiffs' Motion for Leave, it is therefore:

_____ ORDERED that Plaintiffs' Motion for Leave to respond to Defendant's Reply is hereby GRANTED.

_____ ORDERED that Plaintiffs have until _____, 2011 to file an Amended Complaint.

IT IS SO ORDERED DATED this _____ day of _____, 2011.

_____
JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the following by regular U.S. Mail, postage prepaid, on this 9th day of May, 2011:

Jennifer L. Newby, Esq.
Francis R. Ortiz, Esq.
**Dickinson Wright PLLC**
500 Woodward Avenue
Suite 4000
Detroit, Michigan 48226
  *Attorneys for HSBC Mortgage Services*

                                                Respectfully submitted,

                                                /s/ Joseph J. Coyer
                                                Joseph J. Coyer