UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

        Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

        Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| Joseph J. Coyer<br>Janet M. Coyer<br>Plaintiffs *pro se*<br>878 East Prevo Rd.<br>Linwood, Michigan 48650 | DICKINSON WRIGHT PLLC<br>Francis R. Ortiz (P31911)<br>Jennifer L. Newby (P68891)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500<br>fortiz@dickinsonwright.com<br>jnewby@dickinsonwright.com |
|---|---|

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiffs, using a form internet pleading, filed the instant action to stall foreclosure on their mortgage. Defendant HSBC Mortgage Services ("HSBC") filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), to which Plaintiffs filed a 21 page Response brief and attached several exhibits. Plaintiffs now move this Court for leave to file what is essentially a second response brief, characterized as a sur-reply. HSBC respectfully requests this Court deny Plaintiffs' motion for leave to file a sur-reply because HSBC's Reply did not raise new issues that Plaintiffs must be allowed to address and Plaintiffs do not offer any reason why the arguments in their proposed sur-reply could not have been asserted in their Response.

A sur-reply may only be filed by leave of court. *Cudney v. Sears, Roebuck & Co.*, 84 F. Supp. 2d 856, 857 n.2 (E.D. Mich. 2000). "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Nolan v. TDC International Corp.*, No. 06-14907, 2009 U.S. Dist. LEXIS 47445 at *4 (E.D. Mich. 2009) (citation omitted).[1] See also *Aslani v. Sparrow Health Systems*, No. 08-298, 2009 U.S. Dist. LEXIS 102142 at *72 (W.D. Mich. 2009) ("It is well-established that parties do not have a right to file a sur-reply brief…and both this court and other federal courts rarely grant leave to file a sur-reply").

Ordinarily, a sur-reply is permitted when the moving party raises new issues or introduces new evidence for the first time in their reply brief. *Aslani*, 2009 U.S. Dist. LEXIS 102142 at *73. See also *Wilson Air Center, LLC v. Federal Aviation Administration*, 372 F.3d 807, 815 (6th Cir. 2004) (FAA did not abuse its discretion in striking a sur-reply from the record where the petitioner did not argue that the materials to which he sought to reply contained new evidence or were unavailable to him at the time of his administrative appeal); *Engineering & Mfg. Services, LLC v. Ashton*, 387 Fed. Appx. 575, 583 (6th Cir. 2010) (district court should

---

[1] A compendium of unpublished cases is attached as Exhibit A.

have allowed sur-reply where moving party's reply brief presented new arguments and new evidence to which the plaintiff did not have a reasonable opportunity to respond); and *Mulberry Phosphates, Inc. v. City of Toledo*, No. 96-3231, 1997 U.S. App. LEXIS 23161 at *9 (6th Cir. 1997) (district court did not abuse its discretion in refusing to consider sur-reply where the material the defendant sought to introduce in its sur-reply was not unavailable or unknown to the defendant at the time of filing its response and the defendant offered no explanation for its failure to introduce the evidence earlier).

### HSBC's Reply Did Not Raise Any New Issues or Introduce New Evidence.

HSBC's three page Reply was confined to reiterating the arguments raised in HSBC's Motion, and pointing out how Plaintiffs' Response failed to address those arguments. HSBC did not raise any new arguments in its Reply brief. Further, HSBC's Reply did not attach any exhibits or cite to any new evidence. Plaintiffs fail to identify any new arguments or evidence that they have not had the opportunity to address and which necessitate the filing of a sur-reply. Accordingly, Plaintiffs' request for leave to file a sur-reply should be denied. See *Aslani*, *Wilson Air*, *Ashton* and *Mulberry Phosphates*, *supra*.

### The Arguments Asserted in Plaintiffs' Sur-Reply Could Have Been Raised in Their Response.

Plaintiffs also fail to explain why the arguments they seek to raise in their sur-reply could not have been raised in their Response. Plaintiffs' proposed sur-reply makes arguments regarding HSBC's ability to foreclose and Plaintiffs' interpretation of the law - all of which could have been raised in Plaintiffs' Response.[2] Moreover, Plaintiffs also make arguments that relate to the denial of their request for injunctive relief. Plaintiffs have filed a separate motion to

---

[2] HSBC denies the merits of any of Plaintiffs' arguments or legal interpretations and hereby requests the opportunity to respond should this Court accept Plaintiffs' sur-reply.

reconsider that decision and any arguments on that issue are properly considered in the context of that motion, not as part of a sur-reply to HSBC's Motion to Dismiss.

    HSBC set forth its arguments in its Motion to Dismiss, the court rules provide Plaintiffs with an opportunity to respond to those arguments through a response brief.  Plaintiffs availed themselves of that opportunity by filing a 21 page Response and attaching exhibits.  Plaintiffs should not now be permitted to file what is essentially a second response brief (to which HSBC would have no opportunity to reply unless it seeks leave to file a "sur-sur-reply") making arguments that were known and available to Plaintiff at the time they filed their Response.  HSBC respectfully requests this Court deny Plaintiffs' motion for leave to file a sur-reply; strike Plaintiffs' sur-reply; and decide HSBC's Motion on the basis of the briefing provided for by court rule.

    Respectfully submitted,

    DICKINSON WRIGHT PLLC

    By: _/s/ Jennifer L. Newby_____
        Francis R. Ortiz (P31911)
        Jennifer L. Newby (P68891)
    Attorneys for HSBC Mortgage Services
    500 Woodward Ave., Suite 4000
    Detroit, Michigan  48226
    (313) 223-3500
    fortiz@dickinsonwright.com
    jnewby@dickinsonwright.com

Dated:  May 13, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2011, I electronically filed the foregoing paper with the Clerk of the Court with the Eastern District of Michigan using the ECF system; which will send notification to all counsel of record by CM/ECF.  I also mailed via first-class mail the foregoing to the following non-ECF participant(s):

Joseph J. Coyer
Janet M. Coyer
878 East Prevo Road
Pinconning, MI  48650


/s/ Jennifer L. Newby
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
jnewby@dickinsonwright.com

DETROIT 27528-208 1204838v1