UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. COYER
JANET J. COYER,

        Plaintiffs,

                                                    Case Number 10-14339-BC
                                                    Honorable Thomas L. Ludington

v.

HSBC MORTGAGE SERVICES,

        Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

On October 28, 2010, Plaintiffs Joseph and Janet Coyer ("Plaintiffs") filed a complaint against Defendant HSBC Mortgage Services ("Defendant" or "HSBC") [Dkt. #1] alleging that Defendant, "acting in concert and collusion with others, induced [Plaintiffs] to enter into a predatory loan agreement with Defendant." More specifically, the complaint alleges six causes of action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and (6) intentional infliction of emotional distress. On the same day, Plaintiffs also filed a Petition for Preliminary Injunction [Dkt. #2], the content of which is substantially similar to the complaint.

On November 29, 2010, Plaintiffs filed a Petition for Temporary Restraining Order [Dkt. #10] seeking an injunction of the "trustee sale" of their home reportedly scheduled for December 10, 2010. Plaintiffs assert that they will suffer an immediate and irreparable injury if the injunction does not issue because "once the foreclosure sale has taken place Plaintiffs will suffer the complete

loss of the property as Defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiffs have against Defendant." [Dkt. #10]. Plaintiffs further contend that there is a substantial likelihood that they will prevail on the merits of their case and that the threatened harm to Plaintiffs outweighs the threatened harm to Defendant. Defendant filed a combined response to both motions on December 3, 2010 [Dkt. #13].

Magistrate Judge Charges E. Binder issued a report and recommendation on December 8, 2010 [Dkt. #23]. Judge Binder found that Plaintiffs are unlikely to succeed on the merits of the six causes of action alleged in the complaint. More specifically, Judge Binder found that Plaintiffs are not likely to succeed on their breach of fiduciary duty claim because generally no fiduciary duty arises within the lender-borrower context and Plaintiffs have not alleged any special circumstances that would override that general rule. Judge Binder also found that Plaintiffs are unlikely to succeed on their negligence, fraud, and TILA claims because these claims relate to the inception of their mortgage and disclosures made at the time of the signing of the note and mortgage between Option One Mortgage Corporation ("Option One") and Plaintiffs. Defendant had no involvement with the transaction at this time.  Additionally, Judge Binder found that Plaintiffs' TILA claim is barred by its one-year statute of limitation. As to Plaintiffs' cause of action for breach of the implied covenant of good faith and fair dealing, Judge Binder found that Michigan does not recognize such a claim. Finally, Judge Binder found that Plaintiffs are unlikely to succeed on the merits of their intentional infliction of emotional distress claim because they had not come forward with allegations or evidence of conduct on the part of Defendant that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

Judge Binder also found Plaintiffs' claims of irreparable harm and public policy concerns

to not be supported by the law because foreclosure proceedings would merely trigger the six-month period during which Plaintiffs, while maintaining possession, may still redeem their property.

On April 19, 2011, this Court issued an order overruling Plaintiffs' objections, adopting Judge Binder's report and recommendation, denying Plaintiffs' motion for preliminary injunction and denying Plaintiffs' motion for temporary restraining order [Dk. #29]. Plaintiffs filed a motion for reconsideration of the Court's April 19, 2011 order on May 9, 2011 [Dkt. #31]. The arguments presented in Plaintiffs' motion largely reiterate those included in the briefing on their motion for preliminary injunction and temporary restraining order and are partially incomprehensible, including an argument that Judge Binder's report and recommendation is void because Judge Binder in unqualified to hold the United States Magistrate Judge position.

Under E.D. Mich. Local Rule 7(h)(1), a motion for reconsideration must be filed within fourteen days after entry of the order. However, because service of the Court's order was made by first class mail sent to Plaintiffs' address under Federal Rule of Civil Procedure 5(b)(2)(C), three days are added after the period would otherwise expire under Federal Rule of Civil Procedure 6(d). This results in Plaintiffs' motion for reconsideration being due on or before May 6, 2011. Plaintiffs' motion for reconsideration is untimely and will be denied.

Accordingly, it is **ORDERED** that Plaintiffs' motion for reconsideration [Dkt. #31] is **DENIED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: May 16, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph J Coyer and Janet M Coyer, at 878 East Prevo Road, Pinconning, MI 48650-9470 by first class U.S. mail on May 16, 2011.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS