UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

               Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

               Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| | |
|---|---|
| Joseph J. Coyer | DICKINSON WRIGHT PLLC |
| Janet M. Coyer | Francis R. Ortiz (P31911) |
| Plaintiffs *pro se* | Jennifer L. Newby (P68891) |
| 878 East Prevo Rd. | Attorneys for Defendant |
| Linwood, Michigan 48650 | 500 Woodward Avenue, Suite 4000 |
| | Detroit, Michigan 48226 |
| | (313) 223-3500 |
| | fortiz@dickinsonwright.com |
| | jnewby@dickinsonwright.com |

**DEFENDANT HSBC MORTGAGE SERVICES' MOTION
FOR REMOVAL OF FEDERAL COMMON LAW LIEN**

Defendant HSBC Mortgage Services, Inc. ("HSBC"), by its attorneys Dickinson Wright PLLC, hereby moves for entry of an order:  (1) voiding and removing the "federal common law lien and writ of attachment" recorded with the Bay County Register of Deeds on May 19, 2011; and (2) enjoining Plaintiffs from filing of any further actions to encumber the property at issue in this case without leave of this Court.   In support of its Motion, HSBC relies on the accompanying brief and attached exhibits.

<div style="margin-left:40%">

Respectfully submitted,

DICKINSON WRIGHT PLLC


By:   /s/ Jennifer L. Newby
FRANCIS R. ORTIZ (P31911)
JENNIFER L. NEWBY (P68891)
Attorneys for Defendant HSBC
Mortgage Services, Inc.
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
fortiz@dickinsonwright.com
jnewby@dickinsonwright.com

</div>

Dated: June 9, 2011

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. and JANET M. COYER,

                Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

                Defendant.

Case No. 10-cv-14339

Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

| | |
|---|---|
| Joseph J. Coyer<br>Janet M. Coyer<br>Plaintiffs *pro se*<br>878 East Prevo Rd.<br>Linwood, Michigan 48650 | DICKINSON WRIGHT PLLC<br>Francis R. Ortiz (P31911)<br>Jennifer L. Newby (P68891)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500<br>fortiz@dickinsonwright.com<br>jnewby@dickinsonwright.com |

## DEFENDANT HSBC MORTGAGE SERVICES' BRIEF IN SUPPORT OF ITS MOTION FOR REMOVAL OF FEDERAL COMMON LAW LIEN

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ............................................................................................................. 1

III.  LAW AND ANALYSIS .................................................................................................. 2

    A.    Plaintiffs' "Federal Common Law Lien" is Void and Should Be Removed. .................. 2

    B.    Plaintiffs Must be Enjoined From Filing Further Encumbrances on the Property ........... 4

IV.  CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Aldine Manufacturing v. Phillips*, 118 Mich. 162, 76 N.W. 371 (1898) ........................................ 3

*Boese*, 373 N.W.2d at 121 ............................................................................................. 3

*Carpenter v. Lorraine-Lauro*, No. 179793, 1996 Mich. App. LEXIS 1956 (Mich. App. 1996) . iv, 2

*Feathers v. Chevron U.S.A.,* 141 F.3d 264 (6th Cir. 1998) ........................................................ iv, 5

*Federal Land Bank of Omaha v. Boese*, 373 N.W.2d 118 (Iowa Sup. 1985)................................ 3

*Gould v. Day*, 94 U.S. 405 (1877) .......................................................................................... iv, 3

*Great Plains National Bank v. Leppert*, No. 08-56, 2008 U.S. Dist. LEXIS 101980 (D. N.D. 2008) ........................................................................................................................... 4

*In re Richards*, 986 P.2d 1117 (N.M. St. 1999)....................................................................... 3, 4

*Leppert*, 2008 U.S. Dist. LEXIS 101980 at *3 ........................................................................ 4, 5

*Skip Kirchdorfer, Inc. v. United States*, 6 F.3d 1573 (Fed. Cir. 1993) ......................................... 3

*United States v. Franklin*, 171 F. Supp.2d 1319 (M.D. Fla. 2001)............................................... 4

*United States v. McCloud*, No. 07-15013, 2008 U.S. Dist. LEXIS 113946 (E.D. Mich. 2008)..... 5

## STATEMENT OF ISSUES PRESENTED

I.      Whether this Court should order the "Federal Common Law Lien Writ of Attachment on Real and Personal Property" recorded with the Bay County Register of Deeds to be voided and removed because such lien is frivolous and was recorded for the purpose of stalling a lawful foreclosure?

II.     Whether this Court should enjoin Plaintiffs from any further action to encumber the property at issue in this case without leave of this Court to avoid unnecessary burden and expense in responding to frivolous actions?

## <u>CONTROLLING AUTHORITY</u>

*Carpenter v. Lorraine-Lauro*, No. 179793, 1996 Mich. App. LEXIS 1956 (Mich. App. 1996);

*Feathers v. Chevron U.S.A.,* 141 F.3d 264, 269 (6th Cir. 1998);

*Gould v. Day*, 94 U.S. 405, 413 (1877).

## I.      INTRODUCTION

Plaintiffs have continually tried to impede Defendant HSBC Mortgage Services ("HSBC") from exercising its lawful right to foreclose.  Plaintiffs initiated this action by filing a form pleading from the internet that failed to state any facts specific to Plaintiffs or HSBC. Plaintiffs have followed that up with additional rambling pleadings taken from the internet and having no relevance to this case.  Plaintiffs antics have not stopped with their meritless filings in this Court.  HSBC recently received a "Notice of Federal Common Law Lien Writ of Attachment on Real and Personal Property" recorded with the Bay County Register of Deeds.  Like the rest of Plaintiffs' filings, this too was taken verbatim from an internet site.  The lien Plaintiffs purport to file is frivolous and is designed merely to cloud title to the property in hopes of preventing HSBC from foreclosing.  HSBC respectfully requests this Court enter an order:  (1) voiding and removing the "federal common law lien" recorded with the Bay County Register of Deeds; and (2) enjoining Plaintiffs from making any further filings encumbering the property at issue in this case without leave of this Court.

## II.      BACKGROUND

On June 24, 2005, Plaintiffs entered a mortgage with Option One Mortgage Corporation ("Option One").   HSBC had no involvement with the origination of Plaintiffs' mortgage. Following the execution of the mortgage agreement with Option One, Plaintiffs' mortgage was purchased by HSBC on October 19, 2005, as part of a bulk purchase of several loans from Option One.  Plaintiffs have not made a payment on their mortgage since February 2010.  Thus, HSBC initiated foreclosure proceedings in accordance with Michigan's statutory foreclosure by advertisement procedure.

Plaintiffs filed the instant action on October 28, 2010, along with a motion for injunctive relief, using pleadings taken from the internet.  The motion for injunctive relief has been denied and a motion to dismiss the action is currently pending.  Also pending is a motion for leave to file an amended complaint.  All of these actions seek to resolve the parties' rights with respect to the property located at 878 East Prevo Road, Linwood, Michigan 48650 (the "property").  While this dispute was pending, Plaintiffs found another internet document designed to stall foreclosure.[1]  On May 19, 2011, Plaintiffs recorded with the Bay County Register of Deeds a "Notice of Federal Common Law Lien Writ of Attachment on Real and Personal Property." [Notice of Lien, attached as Exhibit 1].  HSBC now moves for the removal of Plaintiffs' frivolous lien and an order enjoining Plaintiffs from filing similar actions without leave of this Court.

### III.        LAW AND ANALYSIS

### A.        Plaintiffs' "Federal Common Law Lien" is Void and Should Be Removed.

Plaintiffs' filing of a "federal common law lien" is without merit and is frivolous, designed solely for the purpose of frustrating HSBC's lawful right to foreclose.   Neither Michigan nor federal law appear to recognize a "common law lien" applicable to real property. In *Carpenter v. Lorraine-Lauro*, No. 179793, 1996 Mich. App. LEXIS 1956 (Mich. App. 1996),[2] the court upheld the grant of summary disposition finding a lien placed by the defendant against the plaintiffs' real property to be void and of no legal effect.  The court noted that "[a] common law lien is 'the right of detention, in persons who have bestowed labor upon an article, or done some act in reference to it, and who have the right of detention till reimbursed for their

---

[1] *See* http://www.oag.state.md.us/Courts/1993/1993_09_29.pdf; and
   http://www.scribd.com/doc/52606674/2/Common-Law-Lien-Writ-of-Attachment.

[2] A compendium of unpublished cases is attached at Exhibit 2.

expenditures and labor.'" *Id.* at *2 (citing *Aldine Manufacturing v. Phillips*, 118 Mich. 162, 164, 76 N.W. 371 (1898)). A common law lien "always involves the possession of chattel." *Id.* The court held that because the lien asserted by the defendant "sought to encumber real property, her assertion of a common law lien was inappropriate." *Id.* The court found the lien was void *ab initio*. *Id.* at *3. *See* also *Skip Kirchdorfer, Inc. v. United States*, 6 F.3d 1573, 1580 (Fed. Cir. 1993) ("A common law lien is a right to retain possession of another's *goods* until the property owner satisfies a demand that the lien-holder has a right to assert against the property owner") (emphasis added). Because Plaintiffs' "federal common law lien" purports to place a lien on real property, it is void and should be removed.

Moreover, even if a common law lien were appropriate in the context of real property, the United States Supreme Court has held that, **"[o]ne cannot have a lien upon his own property…"** *Gould v. Day*, 94 U.S. 405, 413 (1877) (emphasis added).[3] *See* also *In re Richards*, 986 P.2d 1117, 1118 (N.M. St. 1999) ("…a property owner generally cannot have a lien on his or her own property"); and *Federal Land Bank of Omaha v. Boese*, 373 N.W.2d 118, 121 (Iowa Sup. 1985) ("[t]he general rule is that a party may not have a lien on his own property") (citing cases). The reason for the prohibition is because an essential element in establishing a lien is the showing of a debt or obligation of the landowner, "this element cannot be satisfied when a property owner claims a lien on his own real estate because an owner cannot owe himself a debt." *Boese*, 373 N.W.2d at 121.

In *Richards*, the New Mexico Supreme Court expressly found a claim for a "federal common law lien writ of attachment on real and personal property" to be frivolous. In that case, after the lender filed a foreclosure action against the homeowner, the homeowner admitted the

---

[3] There is an equitable exception, irrelevant in this case, where a homeowner purchases a lien from a third party.

delinquency but filed a counterclaim based upon a federal claim of common law lien that she contended was superior to the mortgage. The counterclaim was unsuccessful and the homeowner's attorney was sanctioned for filing a frivolous claim. On appeal, as cited above, the court noted that a property owner cannot have a lien on her own property. *Richards*, 986 P.2d at 1118. The court further found that the cases the attorney cited failed to provide a legal basis for the counterclaim. *Id*. at 1119. Accordingly, the court upheld sanctions against the attorney for filing a frivolous claim. *See* also *United States v. Franklin*, 171 F. Supp.2d 1319, 1322 (M.D. Fla. 2001) (court finding that a "federal common law lien" recorded against the defendant's own property "is a sham and of no effect"); and *Great Plains National Bank v. Leppert*, No. 08-56, 2008 U.S. Dist. LEXIS 101980 at *2 n.1 (D. N.D. 2008) ("The defendant has not pointed to any possible authority for his "Common Law Lien" other than his own imaginings…[w]hich is another indicator of the frivolous nature of the defendant's proceedings in this Court").

In this case, without any legal basis, Plaintiffs have recorded a lien against their own property in the amount of $75,355.34. *See* Exhibit 1. As the above cited authority makes clear, Plaintiffs cannot assert a lien on their own property because a lien must be based on some outstanding debt owed by the homeowner to the lien holder. Plaintiffs, as both the homeowners and lien holders, cannot owe themselves a debt. Plaintiffs' assertion of a lien, with no purpose other than to thwart a lawful foreclosure and no authority to support such a lien, is void *ab initio* and should be removed.

**B.      Plaintiffs Must be Enjoined From Filing Further Encumbrances on the Property.**

As Plaintiffs have demonstrated throughout this action, they will file any pleading they come across that will stall foreclosure without regard to the underlying merits. These actions force HSBC to expend unnecessary and burdensome costs in response. Thus, HSBC asks this

4

Court to enjoin Plaintiffs from filing any further actions encumbering the property at issue in this case, in any manner, without leave of this Court.

In *Leppert*, *supra*, the *pro se* defendant made several attempts to stall a state foreclosure action.  In ruling on an attempt to remove to federal court, the court held that "[i]t is clear that the Lepperts' intention is to vex, harass, and obfuscate all attempts by the Plaintiff to foreclose it's underlying mortgage." *Leppert*, 2008 U.S. Dist. LEXIS 101980 at *3.  The court noted that there were no facts pled to support the defendant's conclusions, and that the pleadings were presented in bad faith with no useful purpose other than to obstruct justice.  The court sanctioned the defendant and ordered that he not be allowed to file any further pleadings without prior approval of the judge or magistrate.  *Id*. at *6.

As noted by the Sixth Circuit, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A.,* 141 F.3d 264, 269 (6th Cir. 1998). *See United States v. McCloud*, No. 07-15013, 2008 U.S. Dist. LEXIS 113946 (E.D. Mich. 2008) (court permanently enjoined *pro se* litigant from filing liens without leave of court).  In this case, Plaintiffs are likely to continue to scour the internet for meritless ways to delay foreclosure.  While HSBC is not asking at this time to preclude Plaintiffs from filing further pleadings before this Court, HSBC does request that Plaintiffs be enjoined from filing liens or any encumbrance on the property at issue without leave of this Court.

## IV.   CONCLUSION

For the foregoing reasons, HSBC respectfully requests this Court grant HSBC's Motion and enter an order:  (1) voiding and removing the "federal common law lien and writ of attachment" recorded with the Bay County Register of Deeds on May 19, 2011; and (2)

enjoining Plaintiffs from filing of any further actions to encumber the property at issue in this case without leave of this Court.

Respectfully submitted,

DICKINSON WRIGHT PLLC


By:  ___/s/ Jennifer L. Newby_____
    Francis R. Ortiz (P31911)
    Jennifer L. Newby (P68891)
Attorneys for HSBC Mortgage Services
500 Woodward Ave., Suite 4000
Detroit, Michigan  48226
(313) 223-3500
fortiz@dickinsonwright.com
jnewby@dickinsonwright.com

Dated:  June 9, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2011, I electronically filed the foregoing paper with the Clerk of the Court with the Eastern District of Michigan using the ECF system; which will send notification to all counsel of record by CM/ECF.  I also mailed via first-class mail the foregoing to the following non-ECF participant(s):

Joseph J. Coyer
Janet M. Coyer
878 East Prevo Road
Linwood, MI  48650


<u>/s/ Jennifer L. Newby</u>
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
jnewby@dickinsonwright.com