UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. COYER
JANET J. COYER,

                Plaintiffs,

                                    Case Number 10-14339-BC
                                    Honorable Thomas L. Ludington

v.

HSBC MORTGAGE SERVICES,

                Defendant.

_____/

**OPINION AND ORDER WITHDRAWING REFERENCE TO UNITED STATES
MAGISTRATE JUDGE, GRANTING DEFENDANT'S MOTION TO DISMISS,
DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR REPLY,
DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE, DENYING PLAINTIFFS'
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND GRANTING IN
PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER TO REMOVE
LIEN AND ENJOIN PLAINTIFFS' FROM FILING ANY FURTHER ACTIONS**

On October 28, 2010, Plaintiffs Joseph and Janet Coyer ("Plaintiffs") filed a complaint

against Defendant HSBC Mortgage Services ("Defendant" or "HSBC") alleging that Defendant,

"acting in concert and collusion with others, induced [Plaintiffs] to enter into a predatory loan

agreement with Defendant." ECF No. 1.  More specifically, the complaint alleges six causes of

action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4)

breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending

Act ("TILA"), 15 U.S.C. § 1601 et seq.; and (6) intentional infliction of emotional distress.  On the

same day, Plaintiffs also filed a Petition for Preliminary Injunction, the content of which is

substantially similar to the complaint. ECF No. 2. Plaintiffs subsequently filed a Petition for

Temporary Restraining Order seeking an injunction of the "trustee sale" of their home reportedly

scheduled for December 10, 2010.  ECF No. 10.  On April 19, 2011, the Court adopted Magistrate

Judge Charles E. Binder's report and recommendation over Plaintiffs' objections, and denied Plaintiffs' motion for preliminary injunction and motion for temporary restraining order. ECF No. 29.

HSBC filed a motion to dismiss, generally alleging that Plaintiffs have not alleged any factual allegations related to the transactions between the parties and that even if the allegations in the original complaint were to relate to this action, Plaintiffs have not stated claims against HSBC entitling them to relief. Because HSBC's motion to dismiss was filed after its responsive pleading was filed, the motion should be analyzed as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or as one for summary judgment pursuant to Rule 56 rather than as one for dismissal pursuant to Rule 12(b)(6). In the instant case, the matters referenced that are outside of the pleadings are matters of public record, and construing the motion as one for judgment on the pleadings under Rule 12(c) would still be appropriate.

Plaintiffs filed a response that is largely unresponsive to the arguments advanced in HSBC's motion to dismiss and relying nearly exclusively on California law and cases from the United States Court of Appeals for the Ninth Circuit. ECF No. 28. HSBC filed a reply on April 26, 2011. ECF No. 30.

Plaintiffs also filed a motion for leave to file a sur reply and a sur reply on May 9, 2011. ECF No. 32. Plaintiffs' sur reply is nine pages long and contains arguments that could have been included in their response because HSBC did not raise any new issues or introduce new evidence in its reply. Plaintiffs' motion for leave to file a sur reply (ECF No. 32) will be denied. *Engineering & Mfg. Services, LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010) (district court should have allowed sur-reply where moving party's reply brief presented new arguments and new evidence to

-2-

which the plaintiff did not have a reasonable opportunity to respond).

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). The Court will also withdraw the reference to the magistrate judge for pretrial matters. For the reasons provided herein, the Court will grant HSBC's motion to dismiss.

## I

On June 24, 2005, Plaintiffs entered into a mortgage for $182,000.00 with Option One Mortgage Corporation. HSBC was not involved with the origination of Plaintiffs' mortgage, but following execution of the mortgage agreement with Option One, HSBC purchased Plaintiffs' mortgage. Plaintiffs stopped making payments to HSBC on the mortgage in February 2010, and in accordance with the mortgage agreement and Michigan laws, HSBC pursued foreclosure on the property located at 878 E. Prevo Road, Linwood, Michigan.

### II Discussion

#### A. Standard of Review

"A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (citations omitted). When a court is presented with a Rule 12(b)(6) or 12(c) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to

the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true." *Id.* (citation and internal quotations omitted). Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## B.   Plaintiffs' Pleadings

HSBC first requests that the Court grant judgment in its favor because Plaintiffs' pleadings do not comply with the basic pleading requirements. Plaintiffs' "Original Petition" is a verbatim copy of a pleading circulating on the internet and filed in actions across the country; the filing of which HSBC argues does satisfy even minimal pleading standards. Fed R. Civ. P. 8 requires a party to state "a short and plain statement of the claim showing that the pleader is entitled to relief." HSBC contends that Plaintiffs' Original Petition does not provide any allegations specific to this transaction or these parties. More specifically, the pleading does not identify the amount of the loan at issue,

when the mortgage was taken, or who the "Lender" is. *See* ECF No. 1. Plaintiffs' pleading also does not satisfy the requirements of Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud must state "with particularity the circumstances constituting fraud. . . ." Plaintiffs do not identify the nature of any purported misrepresentations, who made them, or when. While pro se pleadings are generally held to a less stringent standard than pleadings drafted by lawyers, courts have declined to abrogate "basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In this case, HSBC submits that Plaintiffs have not complied with basic pleading essentials because their pleading is not related to the transaction or parties at hand. Although HSBC presents a compelling argument that Plaintiffs' pleadings generally do not satisfy the basic pleading requirements, the Court finds it prudent to address the sufficiency of each of Plaintiffs' claims against HSBC.

### C.   Plaintiffs' Allegations Fail to State a Claim Against HSBC

#### 1.   Breach of Fiduciary Duty

Plaintiffs assert that "Defendants" breached their fiduciary duty to "Petitioner" by failing to comply "with applicable laws governing the loan transactions in which they were involved, including but not limited to, TILA, HOEPA, RESPA and the Regulations X and Z promulgated there under." Original Petition, Lines 552-55. "Fiduciary relationships arise when circumstances and the relationship of the parties show the parties understood and agree that confidence is reposed by one party and trust accepted by the other." *Sallee v. Fort Knox National Bank, N.A.*, 286 F.3d 878, 893 (6th Cir.  2002). The party claiming that a fiduciary relationship exists must show that reliance was not merely subjective. *Id.* at 892. Additionally, the party claiming a fiduciary relationship must show that "the nature of the relationship imposed a duty upon the fiduciary to act in the principal's

interest, even if such action were to the detriment of the fiduciary." *Id.*

Plaintiffs have not alleged any facts that would support the finding of a fiduciary relationship. As the court explained in *Sallee*:

> banks do not generally have fiduciary relationships with their debtors. This flows from the nature of the creditor-debtor relationship. As a matter of business, banks seek to maximize their earnings by charging interest rates or fees as high as the market will allow. Banks seek as much security for their loans as they can obtain. In contrast, debtors hope to pay the lowest possible interest rate and fee charges and give as little security as possible. Without a great deal more, mere confidence that a bank will act fairly does not create a fiduciary relationship obligating the bank to act in the borrower's interest ahead of its own interest.

*Sallee*, 286 F.3d at 893; *see also Forsythe v. BancBoston Mortgage Corp.*, 135 F.3d 1069, 1077 (6th Cir. 1997) ("the great weight of authority is that while the relationship between a mortgagor and mortgagee is often described as one of trust, technically it is not of a fiduciary character").

Generally, no fiduciary duties arise within the lender-borrower context. *Farm Credit Servs. of Mich.'s Heartland, P.C.A. v. Weldon*, 591 N.W.2d 438, 447 (Mich. Ct. App. 1999). Plaintiffs have not alleged that any special circumstances exist in this case which override the general rule that a lender does not owe fiduciary duties to a borrower. HSBC purchased Plaintiffs' mortgage on the secondary market without any interaction with Plaintiffs. HSBC did not originate the loan and was not involved in making any of the allegedly improper disclosures. Accordingly, Plaintiffs' claim for breach of fiduciary duty against HSBC will be dismissed.

## 2.   Negligence and Negligence Per Se

To support a claim for negligence under Michigan law, a plaintiff must prove four elements: duty, breach, causation, and damages. *Fultz v Union-Commerce Assocs.*, 470 Mich, 460, 463 (2004). Plaintiffs assert that "Defendants owed a general duty of care with respect to Petitioners, particularly concerning their duty to perform due diligence as to the loans and related transactional issues…"

Original Petition Lines 561-563. Plaintiffs further state that "Defendants" owed a duty of care under various federal statutes pertaining to required disclosures. Original Petition, Lines 564-568. First, Plaintiffs fail to allege any facts relating to HSBC to support their conclusions. Second, to the extent the basis of any claim can be discerned, it relates to purported deficiencies in the procuring of Plaintiffs' mortgage. Plaintiffs do not allege any facts supporting a finding of any duty between HSBC and Plaintiffs, or the breach of any such duty, because HSBC was not involved with the origination of Plaintiffs' loan.

The negligence claims appear to relate to the documents Plaintiffs received prior to and at the time of closing on their note and mortgage. Indeed, Plaintiffs' Exhibit 7 to their objection to Judge Binder's report and recommendation states that Plaintiffs discovered various instances of fraud, misrepresentation and nondisclosure with regard to their "Loan, Trust Deed, and Security Agreement records . . . ." ECF No. 20. HSBC had no involvement with the transaction between Option One and Plaintiffs that resulted in the preparation of the loan documents and Plaintiffs' allegations do not state a claim for negligence or negligence per se against HSBC.

Moreover, even if Plaintiffs had adequately stated a claim for negligence, the claim is time-barred. Michigan Compiled Laws § 600.5805(10) sets forth a three year statute of limitations for negligence actions. The three years starts to run from the date the claim accrued. Mich. Comp. Laws § 600.5805(1); *see Stephens v. Dixon*, 449 Mich. 531, 538 (1995). In this case, Plaintiffs appear to claim there was some harm done to them either from a deficiency in the required disclosures, or in the terms of their mortgage. At the very latest, Plaintiffs' negligence claim accrued on June 24, 2005, when they entered into the mortgage.  Plaintiffs did not file this action until over five years later on October 28, 2010 and the claims are now time-barred. In their response, Plaintiffs do not

dispute that the statute of limitations has run on their negligence and negligence per se claims. Accordingly, Plaintiffs' claim for negligence and negligence per se will be dismissed with prejudice.

### 3. Fraud

To establish a fraud claim, a plaintiff must demonstrate (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Johnson v. Wausau Ins. Co.*, 283 Mich. App. 636, 643 (Ct. App. 2009) (citation omitted). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Id.* HSBC argues that Plaintiffs have not properly stated a claim for fraud because although they repeatedly reference "misrepresentations," they fail to assert any factual allegations to support the claim. Plaintiffs do not identify what misrepresentations were allegedly made, who made them, or how they were material. *See* Fed. R. Civ. P. 9(b) (requiring fraud claims to be pled with particularity).

Even if Plaintiffs' did state a claim for fraud, Plaintiffs allege that the purported misrepresentations caused "Petitioner to enter into a LOAN without knowledge or understanding of the terms thereof." Original Petition, Lines 591-93. Thus, the "reliance" and "injury" alleged for purposes of stating a fraud claim arises from the Plaintiffs' execution of the mortgage. As explained above regarding Plaintiffs' negligence claims, these allegations cannot be directed towards HSBC because HSBC was not involved in the origination of Plaintiffs' loan, and only purchased the loan on the secondary market after it was fully executed. Plaintiffs' fraud claim will be dismissed with

prejudice.

### 4.      Breach of the Implied Covenant of Good Faith and Fair Dealing

It is well-established that "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Management of Michigan*, 271 Mich. App. 11, 35 (Mich. App.  2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256 Mich.  App. 463, 476  (Mich. App. 2003)). Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing will be dismissed with prejudice.

### 5.      Violation of Truth in Lending Act, 15 U.S.C. § 1601 et seq.

HSBC contends that Plaintiffs have failed to state a claim for violation of the Truth In Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") because they only make the conclusory allegation that there was a violation, without the requisite factual support. Plaintiffs do not identify how TILA was violated or how HSBC played a role in the alleged violation. HSBC argues that Plaintiffs fail to state a claim because they have not articulated their entitlement to relief from HSBC.

Furthermore, any violation of TILA necessarily occurred at the inception of Plaintiffs' mortgage because TILA assures at the time of entering the loan, the terms and costs are clearly disclosed. As stated, HSBC was not involved with the origination of Plaintiffs' mortgage. The facts underlying Plaintiffs' TILA claim are not clearly set forth in the complaint, but in their motion for injunctive relief, Plaintiffs allege that the lender, loan broker, and appraiser either gave false information to Plaintiffs or failed to give full disclosure of pertinent information in order to "induce" Plaintiffs to accept an overpriced loan. ECF No. 10 at 2. Thus, the TILA claims stem from the disclosures before and at the time of the signing of the note and mortgage, a time when HSBC was not involved.

Moreover, any claim under TILA is barred by the applicable one year statute of limitations. *See* 15 U.S.C. § 1640(e). Plaintiffs concede this in their Original Petition. *See* Original Petition, Lines 391-393.  In their response, Plaintiffs generally contend that they were unable to discover a TILA violation until the past year because of "Defendants" concealment of TILA violations which were brought to Plaintiffs' attention through news reports of predatory lending practices. Plaintiffs do not explain why these general news reports were necessary to discover their TILA cause of action, do not identify the news reports that allegedly alerted them to a possible TILA violation, nor do Plaintiffs provide any evidence of when the news reports were viewed or read. Plaintiffs' arguments in their response are insufficient to warrant equitable tolling of the TILA statute of limitations.

Indeed, in Plaintiffs' objections to Judge Binder's report and recommendation, the allege that they could not have reasonably discovered the possibility of a TILA violation until reading the treatise <u>Truth in Lending</u> or a paper entitled <u>Truth-In-Lending Disclosure Requirements, Violations, and Remedies</u>. *See* National Consumer Law Center, <u>Truth in Lending</u> (7th ed. 2010); Leslie Ng, <u>Truth-In-Lending Disclosure Requirements, Violations, and Remedies</u>  (June 13, 2007).  As the Court noted in its April 19, 2011 opinion and order, even if these materials were necessary, they were available well before Plaintiffs entered into their mortgage with Option One in June 2005. Furthermore, even if equitable tolling was proper up until the publication date for <u>Truth-In-Lending Disclosure Requirements, Violations, and Remedies</u>, the statute of limitations on Plaintiffs' TILA claim would have expired in June 2008, nearly two years before Plaintiffs filed the instant action. Plaintiffs' claim for violation of TILA will be dismissed with prejudice.

-10-

### 6.   Intentional Infliction of Emotional Distress

The elements for a claim of intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Lewis v. Legrow*, 258 Mich. App. 175, 196 (Ct. App. 2003). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.' " *Id.* (citation omitted).

Plaintiffs have not come forward with allegations, let alone evidence, of such extreme conduct on the part of HSBC. HSBC's only conduct in this case was the purchase of Plaintiffs' mortgage and attempting to foreclosure on the mortgage. Moreover, what little allegations there are appear to relate to the inception of Plaintiffs' mortgage, with which HSBC had no involvement. Accordingly, Plaintiffs' claim for intentional infliction of emotional distress will be dismissed with prejudice.

### III.   Plaintiffs' Motion for Leave to File Amended Complaint

Also before the Court is Plaintiffs' motion for leave to file an amended complaint. ECF No. 33. Plaintiffs generally contend that it is necessary to file an amended complaint to better represent their views and clarify their position. *Id.* Plaintiffs also note that they have not sought HSBC's concurrence in the relief they request as required by E.D. Mich. Local Rules 7.1(a) and did not provide the Court with their proposed Amended Complaint. Plaintiffs' motion for leave to file an amended complaint will thus be denied.

## IV.  HSBC's Motion for Order to Remove Lien

HSBC has filed a motion for an order to remove the common law lien Plaintiffs' have recorded with the Bay County Register of Deeds on May 19, 2011.  ECF No. 39. Under Michigan law, "[a] common law lien is 'the right of detention, in persons who have bestowed labor upon an article, or done some act in reference to it, and who have the right of detention till reimbursed for their expenditures and labor.' " *Carpenter v. Lorraine-Lauro*, No. 179793, 1996 Mich. App. LEXIS 1956, at *2 (1996) (citing *Aldine Mfg. v. Phillips*, 118 Mich. 162, 164 (1898)).  A common law lien "always involves the possession of chattel" and a lien seeking to "encumber real property . . . [by] assertion of a common law lien was inappropriate." *Id.* at *2-3. Indeed, a common law lien as recognized by federal law is similarly "a right to retain possession of *another's goods* until the property owner satisfies a demand that the lien-holder has a right to assert against the property owner." *Skip Kirchdorfer, Inc. v. United States,* 6 F.3d 1573, 1580 (Fed. Cir. 1993) (emphasis added); *see United States v. Franklin*, 171 F. Supp. 2d 1319, 1322 (M.D. Fla. 2001) (concluding that a "federal common law lien" recorded against the defendant's own property "is a sham and of no effect"); *see also Gould v. Day*, 94 U.S. 405, 413 (1877) (noting that "[o]ne cannot have a lien upon his own property").  Plaintiffs' "federal common law lien" that seeks to place a lien on their real property is void and will be removed.

HSBC also requests that the Court enjoin Plaintiffs from filing any further liens or encumbrances on the property at issue in this casee without leave of this Court. HSBC believes that Plaintiffs will continue searching the internet for ways to delay foreclosure and submits that "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also United*

*States v. McCloud*, No. 07-15013, 2008 U.S. Dist. LEXIS 113946, at *31-*32. (E.D. Mich. 2008) (court permanently enjoined pro se litigant from filing liens without leave of court).

To obtain a permanent injunction, a party must show: (1) that it has prevailed on the merits; (2) that it will suffer continuing irreparable injury unless an injunction is issued; and (3) that it has no adequate remedy at law. *McCloud*, No. 07-15013, 2008 U.S. Dist. LEXIS 113946, at *31. Here, HSBC has prevailed on the merits of the claims at issue and Plaintiffs have demonstrated a likelihood that they could continue to file form pleadings to delay foreclosure on their house. HSBC is not, however, requesting that Plaintiffs be enjoined from filing further pleadings and Plaintiffs do not have an established history of filing liens or other encumbrances on their property aside from the single "federal common law lien." ECF No. 39 Ex. 1. Moreover, HSBC does not explain how it is left with no adequate remedy at law; any encumbrance on the property can be remedied in the context of a judicial foreclosure proceeding. HSBC's request to enjoin Plaintiffs from filing further liens or encumbrances will be denied.

### V.   Conclusion

Accordingly, it is **ORDERED** that the Order of Reference to the magistrate judge for pretrial matters (ECF No. 3) is **WITHDRAWN**.

It is further **ORDERED** that Defendant's motion to dismiss (ECF No. 25) is **GRANTED**.

It is further **ORDERED** that Plaintiffs' motion for leave to file a sur reply (ECF No. 32) is **DENIED**.

It is further **ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiffs' motion for leave to file an amended complaint (ECF No. 33) is **DENIED**.

-13-

It is further **ORDERED** that Defendant's motion for order to remove lien is **GRANTED IN PART AND DENIED IN PART**.  Defendant is **DIRECTED** to provide the Court with a proposed order removing Plaintiffs' common law lien that satisfies state law recording standards by October 6, 2011.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 28, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph J Coyer and Janet M Coyer, at 878 East Prevo Road, Pinconning, MI 48650-9470 by first class U.S. mail on September 28, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS