

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

Joseph J. Coyer
Janet M. Coyer,
      Plaintiffs,

Case #: 10-14339-BC
Honorable Thomas L. Ludington

v.

HSBC MORTGAGE SERVICES,
      Defendant

_____/

## PLAINTIFFS' OPPOSITIONS TO COURT'S OPINION AND ORDER FILED ON 9/28/2011

------------------------------------------

**Joseph J. Coyer and Janet M. Coyer are before this court by special appearance without waiving any rights remedies or defenses, statutory or procedural.**

------------------------------------------

**COME NOW** Plaintiffs Joseph J. Coyer and Janet M. Coyer and hereby file this Opposition and objections to court's opinion and order filed on 9/28/2011.

Plaintiffs' objections are centered on the followings:

### THE BIAS OF JUDGE LUDINGTON

The Court's order reflected a clear indication of bias and vindictiveness against Plaintiffs when it denied everything against Plaintiffs and never once critically analyzed a single sentence made by the Defendant.

In his biased order, and by enjoining the Plaintiffs from filing any further actions without any valid reason, Judge Thomas L. Ludington violated 18 U.S.C. Section 241 by committing the crime of conspiracy against rights by depriving the Plaintiffs of their First Amendment right to petition the government for redress of grievances, of the Fourteenth Amendment right to due process, and the Fifth Amendment right to not be deprived of life, liberty or property without due

process of law.

Judge Thomas L. Ludington conspired in the violated of RICO, 18 USC Section 1960, et seq., 18 USC Section 1962(c) and (d) which make it unlawful to engage in the "collection of unlawful debt."

There is no admissible evidence on record to prove that the debt alleged by HSBC is lawful.

There is no admissible evidence on record to prove that HSBC has a valid perfected lien on the foreclosed mortgage or property.

Furthermore, Judge Ludington failed to report to judicial and other authorities the unqualification of the Magistrate Judge who issued his Order of 4/19/2011.  Pursuant to 28 U.S.C. §631(c), "A magistrate judge may hold no other civil or military office or employment under the United States."  Based on an Internet research, Plaintiffs discovered that Magistrate Judge Charles E. Binder, who issued the report and recommendation in this case, is a Faculty Member in the Department of Law, United States Air Force Academy.  Having another employment under the United States renders the Magistrate judge unqualified to hold the Magistrate position.

By failing to file a timely answer to Plaintiffs' assertions, both the Magistrate Judge and Judge Ludington consented to the Magistrate's disqualification.

By failing to report the Magistrate's misconduct, Judge Ludington undermined the integrity and impartiality of the judiciary.  Also, Judge Ludington failed to disclose on the record information that is reasonably relevant to the question of disqualification.

Judge Ludington failed to promote the integrity of the judiciary and failed to further the interests of justice.

The Code of Judicial Ethics requires that a judge shall respect and comply with the law.

Facts presented herein prove that Judge Ludington failed to do so in this case.

The judge obstructed justice and is required to recuse himself, and his order is void and should be vacated.

In *Caperton v. A.T. Massey Coal Co., Inc.* (2009) 129 S. Ct. 2252 at 2259, the Supreme Court said: "It is axiomatic that a "fair trial in a fair tribunal is a basic requirement of due process."

From the facts presented in this case, it is evident that Plaintiffs have not received a fair opportunity for a fair trial.  Judge Ludington did not even offer pro se Plaintiffs an opportunity to file an Amended Complaint.

**Pursuant to 28 USC 453, a judge takes an oath to "<u>administer justice</u>" and <u>"do equal right</u> to the poor and to the rich . . . <u>under the Constitution and laws of the United States</u>."**

Based on the report by the Magistrate Judge and the court's order, Plaintiffs do not believe that justice is being properly administered.  Plaintiffs do not consider that there is equal rights to the parties.

Not a single sentence made by HSBC was properly scrutinized by the Court.

This court's rulings are biased.


## THE CONFESSION OF JUDGE LUDINGTON TO HSBC'S LACK OF INTEREST

Judge Ludington stated that "HSBC was not involved with the origination of Plaintiffs' mortgage."

Judge Ludington also stated that "HSBC purchased Plaintiffs' mortgage."

Pursuant to the Plaintiffs' Mortgage (Liber 2341, Page 201), "Lender" is Option One Mortgage Corporation.

Pursuant to the Mortgage, Borrower (defined in the Mortgage as the Plaintiffs herein) owe "Lender" $182,000.

HSBC is not "Lender."

HSBC and the Court never presented admissible evidence to prove that Borrower owe HSBC anything or that HSBC advanced Plaintiffs any amount of money.

Pursuant to the Mortgage,

> "This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note . . ., (b) the payment of all other sums . . . advanced . . . to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender, with power of sale, the following described property . . ."

Pursuant to the Mortgage, the Mortgage "secures to Lender" -- not to HSBC or anyone else.

The criteria to justify the exercise of the power of sale were not met prior to HSBC's attempt to foreclose Plaintiffs' Mortgage.

Firstly, the "debt evidenced by the Note" has been paid. If it is true that HSBC purchased the loan, then "Lender" was paid and the lien created by the Mortgage has been extinguished.

The doctrine of subrogation does not apply to mere volunteers who have paid the "debt" of another. HSBC was a volunteer. Even if an alleged debt does exist, such a debt cannot be satisfied with a foreclosure because there is no lien in favor of HSBC against Plaintiff's property.

Secondly, HSBC never advanced the Plaintiffs' any money. Neither the Court nor HSBC

has proven otherwise.

Thirdly, neither HSBC nor the Court explained what "covenants and agreements" Plaintiffs failed to comply with under the Mortgage -- especially when HSBC is not a party to the Mortgage.

WHEREFORE, Plaintiffs move the Court to find that HSBC lack any interest in the Note, Mortgage, or property; that HSBC is not justified to exercise the power of sale under the Mortgage; or in the alternative to provide the admissible evidence which would prove otherwise.

## THE ALLEGATION OF FRAUD

In its Order, the Court stated that fraud must be stated "with particularity."

Plaintiffs' pleadings did state fraud with particularity.

Plaintiffs stated with particularity the disqualification of Magistrate Judge Charles E. Binder.

Plaintiffs stated with particularity that "HSBC does not have any contractual right to foreclose." HSBC and the Court never proved otherwise.

Plaintiffs stated with particularity that the assignment of the mortgage separate from the note is "*for all practical purposes, ineffectual*" and has no "force." Neither HSBC nor the Court proved a valid assignment of the Note and Mortgage to HSBC. Neither HSBC nor the Court submitted a valid chain of title.

Plaintiffs stated with particularity that HSBC has not suffered any damages caused by the Plaintiffs, and that there is no evidence on record of damages. HSBC and the Court never presented any admissible evidence to prove otherwise.

## NEGLIGENCE AND NEGLIGENCE PER SE

A prima facie claim for negligence consists of four elements: (1) duty; (2) breach; (3) causation; and (4) damages.

Although sometimes pled as such, negligence per se is not a separate cause of action but a doctrine whereby the floor of the duty of care is set as a matter of law, removing from the fact-finder the "reasonable person" determination and leaving to the fact-finder only a determination of causation and damages, in cases where: (1) a plaintiff can show that a defendant has violated a duty imposed onto him by a criminal or regulatory statute; (2) the plaintiff is a member of the class of persons intended to be protected by the statute or regulation; and (3) the alleged harm is of the kind intended to be prevented by statute. See Restatement (Second) of Torts § 286.

Only regulations governing foreclosures create duties giving rise to a negligence claim in the foreclosure context.

Plaintiffs assert that Defendant was negligent in its professional duties and breached duties created by statute.

Michigan's statutes specifically governing foreclosure are set forth in MCL 600.3204, et al.

These statutes set the floor of the duty of care for a foreclosing entity -- such as HSBC.

Since HSBC is not the original mortgagee, it is a necessity to establish the validity of any claim it makes to foreclose.

The original Mortgage does not include HSBC's name in it.

Because HSBC is not mortgagee and lacks a valid assignment, then HSBC is liable for Negligence in foreclosure.

There is no admissible evidence to prove that HSBC is a valid beneficiary.

HSBC never proved the existence of default.

Plaintiffs deny being in default to HSBC.

Therefore, HSBC is not a valid beneficiary with the standing, entitlement, or option to foreclose.

WHEREFORE, the Court abused its discretion by failing to find HSBC liable for Negligence and Negligence per se.


## FRAUD AND INTENTIONAL MISREPRESENTATION

HSBC made knowingly false representations intending to induce reliance such as:

1.      That HSBC has a "contractual right to foreclose."

2.      Defendant's pleadings and arguments implied as if they are entitled to assert certain rights under the Mortgage -- when in reality HSBC's name is not found in the Mortgage and HSBC lacks a valid assignment to the Note and Mortgage.

Defendant made these statements while there is no admissible evidence to prove that HSBC is a valid beneficiary.

Despite this lack of admissible evidence, Defendant HSBC claimed, in official court filings and documents filed in the public records and sent to the Plaintiffs herein through the mails, to be the beneficiary and to have "contractual rights to foreclose" for purposes of attempting to justify legal entitlement to institute foreclosure proceedings, doing so based upon nothing more than invalid assignments of Mortgage -- without any proof of transfer of the Note, without any proof of damages, without any proof of consideration paid.

In no instance has Defendant HSBC supported the allegation of "contractual rights to foreclose"[1] with any admissible evidence or other proof that Defendant HSBC legally acquired the full and unencumbered interest in either the Note or the Mortgage.

Therefore, HSBC is not entitled to any interest in the Mortgage and the Note.

HSBC is engaged in a pattern of falsely misrepresenting its "contractual rights" to conduct fraudulent foreclosure with the intent to steal a real property from the owners/Plaintiffs herein.

WHEREFORE, the Court abused its discretion when it failed to find Defendant guilty of fraud and intentional misrepresentation.

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Court falsely claims that Plaintiffs did not provide the Court with their proposed Amended Complaint. However, Plaintiffs still have a court-stamped STAPLED copy of what they filed in court which included a Motion for Leave and the Amended Complaint all stapled together as a one document.

Plaintiffs are willing to present such an original document into evidence.

The Court's denial of the Motion for Leave without providing the Plaintiffs with an opportunity to clarify or explain the status of their filing indicate a vindictive attitude on the part of the court aimed at punishing the Plaintiffs -- especially when the Court prohibited the Plaintiffs from filing any future actions.

Plaintiffs did file an Amended Complaint attached to the Motion for Leave.

Plaintiffs accuse the Court of obstruction of justice and tampering with court filings.

## THE COMMON LAW LIEN

---

[1] Document #30, page 4, April 26, 2011

The Court defined that a common law lien is the right of detention in persons "who have bestowed labor upon an article."

The Plaintiffs invested labor, time, and effort, monthly payments, repairs, etc. into the Property subject to this litigation.

Plaintiffs are entitled to impose have a common law lien top preserve their interest in property.

Neither the Court nor Defendant proved the lack of "labor" invested by Plaintiffs in property.

The Court stated that "one cannot have a lien against his own property."

If the Court is acquiescing that the property is Plaintiffs' property, then it did not explain the reason HSBC was allowed to conduct a foreclosure proceeding.

## HSBC's foreclosure is Unlawful

There is no reference whatsoever to any fact that HSBC is the owner of the indebtedness or meets the requirements of MCL600.3204.

HSBC allegedly acquired the mortgage through an "Assignment of Mortgage" [Exhibit 8] signed by a so-called "Maria Vadney" on behalf of MERS.

In addition to arguments made by Plaintiffs in previous pleadings to the invalidity of such an assignment, MERS had no authority under the mortgage or state law to assign a mortgage.[2]

A Michigan appellate court invalidated a non-judicial sale conducted under the state's foreclosure by advertisement statute because the foreclosing party lacked authority to proceed under the law.[3]

---

[2] In re Doble, 2011 WL 1465559 (Bankr. S.D. Cal.; April 14, 2011) at 6-8.
[3] Residential Funding Co., LLC v. Saurman, 2011 WL 1516819 (Mich. Ct. App., April 21, 2011)

The pertinent section of the Michigan statute requires the foreclosing entity be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage."[4]

The appellate court concluded that MERS never has an ownership interest in the debt secured by a mortgage.   Therefore, it could not conduct a valid sale under Michigan's foreclosure by advertisement statute.  The court appropriately noted that the requirement that the sale be conducted by a party with an ownership interest in the indebtedness must be read consistently with the UCC terminology defining who is entitled to enforce a negotiable instrument.[5]

Instead of copying all the relevant arguments, Plaintiffs incorporate herein by reference the arguments made by a Michigan Court in *Hendricks v. US Bank* (case no. 10-849-CH) in which the court stated that "MERS could not attempt to enforce the notes nor could it obtain any payment on the loans on its own behalf or on behalf of the lender." (Exhibit 10)

As a result, MERS cannot assign any rights more than what it has.  If MERS lacked authority to enforce the notes, it cannot assign that authority to HSBC.

By applying the Michigan appellate court arguments to this case, HSBC never acquired any lawful authority to foreclose by the assignment from MERS.


HSBC's  attorney's  mention  of  HSBC's  "lawful  foreclosure"  constitute  an unsubstantiated claim, that has never been verified by HSBC's attorney.  It could also be a fraudulent claim aimed at committing fraud upon the court in a clear attempt to unlawfully convert title to Plaintiffs' property.

---

[4] Mich. Comp. Laws §600.3204(1)(d).

[5] Residential Funding Co., LLC v. Saurman, 2011 WL 1516819 (referring to Mich. Comp. Law §440.3602( UCC 3-602)), which requires that payment due on a negotiable instrument be made to a "person entitled to enforce the instrument" and noting that MERS does not meet the requirements to be any of the entities defined in UCC§3-

## CONCLUSION

Plaintiffs are entitled to a permanent injunction and are entitled fore relief on the merits IF, a big if, the Court is honest and takes the facts as they are and analyze the law and facts in a fair manner.

In the absence of fairness, no amount of arguments would be sufficient.

WHEREFORE, Plaintiffs move the Court to take judicial notice of the facts in Plaintiffs' favor which the Court ignored and to reconsider its Order of September 28, 2011.

WHEREFORE, in light of all the above, Plaintiffs move the court and pray for relief as follows:

That Judge Ludington failed to construe Plaintiffs' complaint in the light most favorable to the Plaintiffs;

That this court orders that Judge Ludington is disqualified from any longer presiding on this case;

That this Court find that Judge Ludington and the Magistrate Judge had both violated the Code of Judicial Ethics;

That this court issue a Writ of Mandate directing the District Attorney, Attorney General, and the U.S. Attorney to investigate the facts set forth herein and prosecute any person found to have violated any laws.

DATED:        October 12, 2011

Respectfully submitted,

*Joseph J Coyer* _____

*Janet M. Coyer* _____

301 as entitled to enforce a negotiable instrument.

Joseph J. Coyer
878 E. Prevo Rd.
Pinconning, MI  48650
(989) 879-1509

Janet M. Coyer
878 E. Prevo Rd
Pinconning, MI 48650
(989)879-1509

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the following by regular U.S. Mail, postage prepaid, on this 12 th  day of October. 2011:

> Jennifer L. Newby, Esq.
> Francis R. Ortiz, Esq.
> Dickinson Wright PLLC
> 500 Woodward Avenue
> Suite 4000
> Detroit, Michigan 48226

Respectfully submitted,

Joseph J. Coyer