UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH J. COYER
JANET J. COYER,

        Plaintiffs,

                      Case Number 10-14339-BC
                      Honorable Thomas L. Ludington

v.

HSBC MORTGAGE SERVICES,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' RULE 60 MOTION, CANCELLING HEARING, AND DENYING AS MOOT PLAINTIFFS' MOTION TO RESCHEDULE HEARING**

On October 28, 2010, Plaintiffs Joseph and Janet Coyer ("Plaintiffs") filed a complaint against Defendant HSBC Mortgage Services ("Defendant" or "HSBC") alleging that Defendant, "acting in concert and collusion with others, induced [Plaintiffs] to enter into a predatory loan agreement with Defendant." ECF No. 1. More specifically, the complaint alleges six causes of action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and (6) intentional infliction of emotional distress. On the same day, Plaintiffs also filed a Petition for Preliminary Injunction, the content of which is substantially similar to the complaint. ECF No. 2. Plaintiffs subsequently filed a Petition for Temporary Restraining Order seeking an injunction of the "trustee sale" of their home reportedly scheduled for December 10, 2010. ECF No. 10. On April 19, 2011, the Court adopted Magistrate Judge Charles E. Binder's report and recommendation over Plaintiffs' objections, and denied Plaintiffs' motion for preliminary injunction and motion for temporary restraining order. ECF No.

29.

HSBC filed a motion to dismiss, contending that Plaintiffs had not alleged any factual allegations related to their interactions with HSBC and that even if the allegations in the original complaint were to relate to this action, Plaintiffs have not stated claims against HSBC entitling them to relief. The Court granted HSBC's motion on September 28, 2011, and dismissed Plaintiffs' six causes of action for failing to state a claim upon which relief could be granted. The Court also denied Plaintiffs' motion for leave to amend their complaint and granted HSBC's motion to remove lien but denied HSBC's request for a permanent injunction.

Now before the Court is Plaintiffs' motion to set aside or vacate the Court's September 28, 2011 order.  Plaintiffs advance new legal and factual arguments that were not included in their earlier papers and are thus beyond the purview of the motion to vacate the Court's September 28, 2011 order.  This opinion and order will address only those arguments related to Plaintiffs' six causes of action included in their complaint, the Court's decision denying Plaintiffs' motion for leave to amend the complaint, and the Courts' decision granting in part and denying in part HSBC's motion to remove lien. Pursuant to E.D. Mich. Local Rule 59.1, oral argument is not permitted pursuant to a motion to alter or amend a judgment unless the Court directs otherwise. There is no justification for a hearing on Plaintiffs' Rule 60 motion scheduled for December 22, 2011, and accordingly it will be cancelled. For the reasons provided herein, the Court will deny Plaintiffs' motion.

# I

Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
>
>   (6) any other reason justifying relief from the operation of the judgment.

*Id.* at 395. Plaintiffs do not specify which subsection applies to their request, but appear to contend that the Court's order should be set aside or vacated because of mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1) or for relief pursuant to Rule 60(b)(6).

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ." Such a motion is

>   intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal."). To be corrected, under Rule 60(b)(1), a mistake of law by the court must involve a fundamental misconception of law or a conflict with a clear statutory mandate. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

Although courts have some discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*; *see, e.g.*, *Weekley v. Jones*, 927 F.2d 382, 386 (8th Cir.1991) (extension of time for filing of notice of appeal could be granted to pro se prisoner who was on medication and who apparently still suffered from borderline mental retardation and paranoid schizophrenia); *Givens v. Housewright*, 612 F. Supp. 174,178 (D.Nev.1985) (extension of time to file appeal granted to habeas petitioner, in part because petitioner was required to turn to another inmate in prison yard to help him with his appeal and pressed other inmate to complete necessary work).

Plaintiffs' contend that the Court erred in granting HSBC's motion to dismiss their claims for fraud, intentional infliction of emotional distress, breach of implied covenant of good faith and fair dealing, and negligence and negligence per se. As indicated earlier, Plaintiffs provide additional factual allegations that were not included as causes of action in their complaint but they do not provide any legal authority that would support an argument that the Court's September 28, 2011 opinion and order involved a fundamental misconception of law or a conflict with a clear statutory mandate.

Plaintiffs also largely base their argument on the contention that the Mortgage Electronic Registration System ("MERS") did not have standing to foreclose by advertisement under Mich.

Comp. Laws 600.3204(1)(d), and thus any assignment by MERS to HSBC did not allow HSBC to foreclose by advertisement as a result of *Residential Funding Co., LLC v Saurman*, No. 290248, 2011 Mich. App. LEXIS 719 (April 21, 2011). Although Plaintiffs do not explain why this authority is applicable to the facts of this case, it is worth clarifying even if the authority was applicable that the Michigan Supreme Court later reversed the Michigan Court of Appeals' *Saurman* decision. The Michigan Supreme Court held that MERS has standing to foreclose by advertisement under Mich. Comp. Laws 600.3204(1)(d) as the owner of an interest in the indebtedness secured by the mortgage. It follows that any party receiving a MERS interest by assignment would also have the right to foreclose under Mich. Comp. Laws 600.3204(1)(d). *Residential Funding Co. v. Saurman*, Nos. 143178, 143179, 2011 WL 5588929, at *1 (Mich. Nov. 16, 2011) (also noting that it is well-established that in cases in which the mortgagee had transferred a beneficial interest, but retained record title, "[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.") (citations omitted). Plaintiffs' motion to set aside the Court's judgment dismissing their causes of action for failure to state a claim pursuant to Rule 60(b)(1) will thus be denied. Plaintiffs also allege no "unusual and extreme" facts justifying vacating or setting aside the Court's judgment dismissing their causes of action pursuant to Rule 60(b)(1).

Regarding HSBC's motion to remove lien and for a permanent injunction, Plaintiffs argue that the Court's decision was biased by "enjoining the Plaintiffs from filing any further actions without any valid reason." ECF No. 48 at 29. To clarify Plaintiffs' misconception, the Court denied HSBC's motion to enjoin Plaintiffs from future filings. ECF No. 43 at 13. To the extent Plaintiffs are challenging the Court's order to remove the common law lien Plaintiffs' had recorded against

the property at issue, Plaintiffs' motion to set aside or vacate the decision will also be denied. Plaintiffs contend that the Court has acquiesced that the property belongs to Plaintiffs by stating that "one cannot have a lien against his own property" but do not explain why HSBC was then allowed to conduct a foreclosure proceeding. The foreclosure proceeding is unrelated to the "common law lien" recorded on the property. As stated in the Court's September 28, 2011 opinion and order, a lien seeking to "encumber real property . . . [by] assertion of a common law lien was inappropriate" because a common law lien "always involved the possession of a chattel." *Carpenter v. Lorraine-Lauro*, No. 179793, 1996 Mich. App. LEXIS 1956, at *2-3 (1996) (citing *Aldine Mfg. v. Phillips*, 118 Mich. 162, 164 (1898)). Because a common law lien may not be utilized to preserve an interest in real property, HSBC's motion to remove the common law lien was granted.

Plaintiffs also argue that the Court wrongly denied their motion to amend the complaint and that the Court falsely claimed that Plaintiffs did not provide the Court their proposed amended complaint. A further review of the docket entry for Plaintiffs' motion, ECF No. 33, confirms that the proposed amended complaint was not docketed. Plaintiffs also do not provide a copy of the proposed amended complaint with their Rule 60(b) motion. However, the Court also denied Plaintiffs' motion for leave to amend for failing to seek concurrence from the opposing party as required by the local rules. While Federal Rule of Civil Procedure 15(a) provides that amendments "shall be freely given when justice so requires," it is within the Court's discretion to deny such a request after an answer to the complaint has been filed. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, the exceptions to the general rule that leave to amend shall be freely given include: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance

of the amendment; and (5) futility of the amendment. *Id.*

Plaintiffs' motion for leave to amend the complaint could have been denied in the alternative for undue delay or bad faith or dilatory motive. Plaintiffs did not file their motion for leave to amend until after the case had been pending for several months. Plaintiffs had notice that they were unlikely to succeed on the merits of the claims based on the analysis included in Judge Binder's September 8, 2010 report and recommendation. Plaintiffs nonetheless waited for five months before seeking to amend their complaint, and similarly did not make their request until five months after HSBC filed its motion to dismiss. Plaintiffs do not explain the delay in bringing the motion to amend their complaint, and have not otherwise offered any authority for setting aside or vacating this decision pursuant to Rule 60(b)(1) or 60(b)(6).

## II

Accordingly, it is **ORDERED** that Plaintiffs' Rule 60 motion (ECF No. 48) is **DENIED**.

It is further **ORDERED** that the hearing scheduled for December 22, 2011, is **CANCELLED** pursuant to E.D. Mich. Local Rule 59.1.

It is further **ORDERED** that Plaintiffs' motion to extend the hearing on their Rule 60(b) motion (ECF No. 52) is **DENIED AS MOOT**.

                                              s/Thomas L. Ludington  
                                              THOMAS L. LUDINGTON  
                                              United States District Judge

Dated: December 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph J Coyer and Janet M Coyer, at 878 East Prevo Road, Pinconning, MI 48650-9470 by first class U.S. mail on December 13, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS